## DODD v. FOCHT.

1. **Seduction:** ACTION BY PARENT: PLEADING: MINORITY OF CHILD. An action by a parent for the seduction of a child can be maintained only when the child is a minor ; ( Code, § 2556 ;) and a petition in such case which does not allége the minority of the child is bad on demurrer. (Compare *Humble v. Shoemaker*, 70 Iowa, 223.)

*Appeal from Montgomery District Court*—HON. GEO. CARSON, *Judge.*

THURSDAY, OCTOBER 13.

THIS is an action for damages for the alleged seduction of the plaintiff's daughter. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*Z. T. Fisher*, for appellant.

*C. E. Richards* and *F. P. Greenlee*, for appellee.

ROTHROCK, J.—It was alleged in the original petition that the defendant assaulted, debauched and carnally knew one Elva Dodd, the daughter and servant of the plaintiff. A motion was made demanding that the plaintiff make his petition more specific. The motion was sustained, and thereupon

the plaintiff filed an amendment to his petition, in which he alleged that "the said Elva Dodd has arrived at the age of majority."

The demurrer was to the effect that the petition does not state a cause of action, because a parent or guardian can only maintain an action of this character where a *minor* child is the injured party. The proper party plaintiff in an action of this kind is regulated by statute in this state. Section 2555 of the Code is as follows: "An unmarried female may prosecute as plaintiff an action for her own seduction, and recover such damages as may be found in her favor." And section 2556 provides as follows: "A father, or, in case of his death or imprisonment, or desertion of his family, the mother, may prosecute as plaintiff an action for the expenses and actual loss of service resulting from the injury or death of a minor child." The policy of our laws is to require the real party in interest to prosecute actions, and, whatever may have been the rule heretofore, it is apparent that under the sections of the Code above quoted no action can be maintained by a parent for the seduction of an adult child. The right of action is expressly given to the injured female.

It is claimed, in argument, that the petition does not show that the plaintiff's daughter was of full age when she was seduced. If it does not so show, the petition is defective for that reason. The plaintiff cannot maintain the action without alleging and proving that his daughter was a minor. In the absence of such an allegation, the presumption is that she was of full age. The demurrer to the petition was rightly sustained. See *Humble v. Shoemaker*, 70 Iowa, 223.

AFFIRMED.