(15 Misc. Rep. 627.)

GETZELSON v. BERNSTEIN.

(City Court of New York, General Term. February 7, 1896.)

1. BREACH OF PROMISE OF MARRIAGE—COMPLAINT.
    A complaint alleging mutual promises of marriage by plaintiff and defendant, on request, readiness and willingness of plaintiff to fulfill her promise, a request by her on defendant to fulfill his promise, and his refusal, and consequent breach of his promise, states a cause of action for breach of promise of marriage.
2. SAME—ALLEGATIONS AS TO SEDUCTION.
    Allegations as to seduction, in a complaint for breach of promise of marriage, are merely in aggravation of damages, and do not make the complaint open to the charge of embracing two causes of action; seduction not being actionable.

Appeal from special term.

Action by Jennie Getzelson against Harry Bernstein, sued as Harry Natelstein. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Emil A. Klein, for appellant.
Alexander Finelite, for respondent.

SCHUCHMAN, J. This is an appeal from an order sustaining a demurrer interposed by the defendant to plaintiff's complaint, specifying two grounds of demurrer: First, that two causes of action have been improperly united in one action, to wit, one for breach of promise of marriage, and one for seduction; second, that the said amended complaint, upon the face thereof, does not state facts sufficient to constitute a cause of action. The first paragraph of the complaint contains an allegation of the mutual promises of marriage, "on request," made by plaintiff and defendant. The second paragraph alleges the readiness and willingness of the plaintiff to fulfill her promise. The fifth paragraph alleges a request made

by plaintiff on defendant to fulfill his promise, and his refusal to comply, and consequent breach of his promise. These allegations make a good complaint of a cause of action of "breach of promise of marriage."

The allegations in paragraphs 3 and 4 are set up in aggravation of damages. Wells v. Padgett, 8 Barb. 323. They do not constitute a cause of action in plaintiff "for seduction"; because a person seduced cannot maintain an action for seduction. Hamilton v. Lomax, 26 Barb. 615. She can only maintain an action for personal injury when a rape has been committed upon her, and that action is given her by statute. Koenig v. Nott, 8 Abb. Prac. 384, 388. The complaint contains but one cause of action. It follows, therefore, that the order appealed from must be reversed, with costs, and the demurrer overruled, with costs, and leave is given to defendant to answer plaintiff's complaint within six days after service of the order to be entered on this appeal, on payment of said costs.