In re McCÁULEY.

(District Court, E. D. New York. April 27, 1900.)

BANKRUPTCY—DISCHARGEABLE DEBTS—JUDGMENT FOR BREACH OF PROMISE OF MARRIAGE.

A judgment recovered by a woman against her seducer for breach of his contract to marry her is a debt provable against his estate in bankruptcy, and which will be released by his discharge; and consequently, pending the determination of the question of discharge, the plaintiff will be enjoined from proceeding in the state courts for the enforcement of her judgment.

In Bankruptcy.

Joseph A. Burr, for bankrupt.
Edward Kaufmann, for creditor.

THOMAS, District Judge. Josephine Disler moves to set aside an order made by this court staying proceedings in an action in the supreme court of the state wherein said Disler recovered a judgment against the bankrupt for breach of promise to marry. It seems that,

under McCauley's promise to marry said Josephine Disler, he effected her seduction, which resulted in the birth of a child; that proceedings were instituted through the commissioner of public charities of the city of New York, borough of Brooklyn, against the bankrupt, wherein the said bankrupt was found guilty, and adjudged to be the father of the child; that on or about the 3d day of October, 1898, the aforesaid action in the supreme court was begun; that on October 4, 1898, the defendant was arrested under an order for arrest issued out of the supreme court, and thereafter admitted to bail; that on the 24th day of January, 1900, plaintiff recovered judgment against the defendant in such action for $3,295.80; that execution against his property was issued to the sheriff of the county of Kings; that on the 13th day of March, 1900, the defendant became a voluntary bankrupt in this court; that the schedules annexed to his petition disclose only four alleged creditors,—the plaintiff in the above action, and three others. The aggregated indebtedness of the other three creditors is $60. The question is whether such judgment is dischargeable in bankruptcy. If it is, the demands of the law must be met, however great the hardship to the plaintiff, and however beneficial it may be to the person who would dishonor his moral obligation. The judgment is based upon a contract, and cannot be withdrawn from the operation of the bankruptcy act. Neither research nor consideration enables the court to reach other conclusion. Hence the motion to vacate the order of injunction is denied.