(35 Misc. Rep. 411.)

### DISLER v. McCAULEY.

(Supreme Court, Special Term, Kings County. July, 1901.)

BANKRUPTCY—JUDGMENT—EFFECT OF DISCHARGE.

    Under Bankr. Law, c. 3, § 17, providing that a discharge in bankruptcy shall not release judgments in actions for fraud or for willful and malicious injuries to the person or property of another, a judgment against a bankrupt for breach of promise of marriage, in an action in which seduction and birth of child were proven, is not canceled by a discharge in bankruptcy.

Action by Josephine Disler against James J. McCauley. Judgment for plaintiff. Motion by defendant for canceling and discharge of the judgment. Denied.

Davis & Kaufmann, for plaintiff.
Burr, Coombs & Wilson, for defendant.

DICKEY, J. This is a motion for the canceling and discharge of record of a judgment. The motion is made under section 1268 of the Code of Civil Procedure, which provides, if it appears upon the hearing that a bankrupt has been discharged from the payment of the judgment, an order must be made directing said judgment to be canceled and discharged of record. The bankrupt law (chapter 3, § 17) provides:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as * * * (2) are judgments in actions for fraud or

obtaining property by false pretenses or false representations or for wilful and malicious injuries to the person or property of another."

While in form and in name this action was one for breach of promise to marry, the complaint properly included an allegation of seduction under promise of marriage. Proof was given of the seduction and birth of a child, and damages were given in the sum of $3,000. It may fairly be assumed that at least a part of these damages included in the judgment herein grew out of, and were given because of, the injury to the person covered by the seduction part of the complaint. This being so, can it be said that the judgment and no part of it is one for willful injury to the person? The action for breach of contract to marry is not like any other action for breach of contract, and is not to be classed with the ordinary action for breach of contract, because the law permits recovery, in an action for breach of contract to marry, for damages done to the person peculiar to that breach of contract, and not common to other breaches of contract,—exemplary or punitive damages. So breach of contract of marriage cases, including as they may a tort to the person, may well be classed and included among actions for willful injury to the person. To my mind, congress never intended to discharge bankrupts from liability for damages such as are included in this judgment. The purpose of the bankrupt act was to relieve failing honest debtors from their money obligations, and not to free tortious debtors from liability for their wrongs. In our Code of Civil Procedure (section 3343, subd. 9) seduction is expressly named as among personal injuries. While our statutes do not give a right of action directly, as some other states do, to the injured female for seduction alone, yet there is the right, in connection with the breach of promise to marry, to plead and prove that there was a seduction, and this element permits and calls for an enhancement of damages beyond the damages only for a breach of promise to marry; and any judgment in such a case necessarily includes within it damages for the personal wrong. So much of the judgment for the personal wrong is not any less such a judgment because the action by general designation is called one for breach of promise to marry. The spirit of the bankruptcy law is to govern. This bankruptcy proceeding was evidently taken to discharge this very judgment, because the bankrupt owed practically nothing besides. There would be little use in bringing actions of this character if the judgment obtained might be speedily discharged by going through the form of bankruptcy proceedings. This should not be encouraged.

Motion denied, with $10 costs.