(35 Misc. Rep. 773.)

## FINNEGAN v. HALL.

(Supreme Court, Special Term, St. Lawrence County. September, 1901.)

1. BANKRUPTCY—CONTRACT DEBTS.

A judgment rendered against a bankrupt for breach of marriage promise, where there was no proof of seduction, malice, or any injury to character, was a mere contract debt, and not one for "willful and malicious injuries to persons," within Bankr. Act 1898, § 17, par. 2, and is released by discharge in bankruptcy.

2. SAME—RELEASE BY DISCHARGE.

That a bankrupt went into bankruptcy for the express purpose of avoiding a particular judgment does not limit the legal effect of his discharge.

Action by Mary V. Finnegan against William A. Hall. Judgment for plaintiff. Motion to cancel the same. Granted.

Luther E. Wadleigh, for plaintiff.

R. E. Heffernan, for defendant.

RUSSELL, J. A motion is made to cancel a judgment of this court in favor of the plaintiff for $1,091.21 entered May 7, 1900, upon the ground that a discharge in bankruptcy by the United States district court was given to the defendant on the 17th day of July, 1900. This motion is resisted upon an affidavit of the plaintiff that the cause of action was for breach of promise of marriage, and that the defendant went into bankruptcy only for the purpose of evading the payment of this judgment. By the act of congress of July 1, 1898 (section 17), a discharge in bankruptcy releases the bankrupt from all provable debts except as specified. The exception relied upon by the plaintiff here is contained in paragraph 2 of the section, which reads as follows: "Judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." An action for breach of promise of marriage has always been recognized as one of assumpsit, although, from its peculiar character, the damages recoverable may be widened by proof of malice tending to show an attempted injury to character, or a treacherous violation of confidence and wrongful use of the influence gained by the promise to marry, by which seduction is accomplished. Thorn v. Knapp, 42 N. Y. 474, 1 Am. Rep. 561. The law wisely recognizes the weightier injury affecting the life, happiness, and standing of a woman of good character as the more essential wrong, and a mere refusal to marry as of minor importance. In dealing with the rights of person or property the substance of the injury should always overcome the mere form of the action. Hence it has been held that seduction and birth of a child presented a case of such willful injury to the person that a discharge in bankruptcy could not efface that injury. Dickey, J., Kings special term, Disler v. McCauley, 35 Misc. Rep. 411, 71 N. Y. Supp. 949. So also a judgment for criminal conversation is not discharged. Gildersleeve, J., New York special term, Colwell v. Tinker, 35 Misc. Rep. 330, 71 N. Y. Supp. 952. Where, however, none of the graver elements enter into the con-

sideration of the action, its character is that of a breach of simple, contract. Any incidental injury not affecting the person or character of the plaintiff does not bring the judgment within the excepted class. Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007. It has been held in the federal court, in the case of a judgment for breach of promise to marry, even though accompanied by seduction, that the discharge is valid. In re McCauley (D. C.) 101 Fed. 223, Thomas, J.

As a matter of course, every bankrupt applying for a discharge from his obligations does so for the purpose of evading their payment. Whether that motive be good or bad, congress has within its legitimate power given to the bankrupt the right to pursue that motive into execution, and obtain his discharge. The motion is accordingly granted.

Motion granted.