(100 App. Div. 275)

### SMYTHE v. GREACEN.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. CONTRACTS—MUTUALITY—MARRIAGE PROMISE—BREACH—COMPLAINT.
   Where it was alleged that plaintiff promised to marry defendant on his request, and that defendant promised plaintiff to so marry her "on his request," the agreement was unenforceable for lack of mutuality; defendant's engagement being a mere option to marry plaintiff.
   Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by Caroline Smythe against Edward J. Greacen. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William A. Keener, for appellant.
M. E. Duffy, for respondent.

INGRAHAM, J. The contract, as alleged, is that on about May 21, 1882, "in consideration that the plaintiff, who was then a sole and unmarried woman, at the request of the defendant, agreed and would marry him on such request, the defendant promised the plaintiff to so

marry her on his request." It is further alleged that after the making of the said promise and undertaking of the defendant, to wit, on the 20th day of March, 1902, and at divers other places, the plaintiff requested the defendant to marry her, but the defendant, disregarding his promise and undertaking, did not nor would he at any time before or after marry her; and the plaintiff demands judgment for $50,000. The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendant appeals.

The only promise of the defendant alleged is that he would "so marry her [the plaintiff] on his [the defendant's] request." I am inclined to think that this contract lacks the mutuality which is necessary to support a contract based upon mutual promises of the parties. Thus, in the Encyclopædia of Law & Procedure (vol. 9, p. 327), it is said:

"There are many cases in which, although the offer is definite enough, yet the accepter, by merely accepting, has really himself promised nothing in return—has not made himself liable for anything—so that, although one is bound, the other is not, and the engagement lacks what is called 'mutuality.' In such a case there is not an enforceable agreement."

And the author states many illustrations of contracts that are void for want of the mutuality required.

In Am. & Eng. Enc. of Law ([2d Ed.] vol. 7, p. 114) it is said:

"Closely related to the doctrine of consideration is the rule as to the mutuality of contract. 'Mutuality of contract' means that an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound."

In Tucker v. Woods, 12 Johns. 190, 7 Am. Dec. 305, it was said:

"In contracts, where the promise of the one party is the consideration for the promise of the other, the promises must be concurrent and obligatory upon both at the same time."

To entitle the plaintiff to maintain this action, there must be alleged a valid contract. Where the consideration of a contract is based upon mutual promises, to make the contract enforceable there must be the obligations of both parties to it; and thus, to hold the defendant, it must appear that he promised to do something. What was it that the defendant promised? He promised to marry the plaintiff at his request, or, in other words, that he would marry her when he made a request that she marry him. This was, in substance, a mere option to marry the plaintiff, without any corresponding obligation on his part to marry her, and there was therefore no mutuality in the promise which can sustain the contract.

I think that the judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below. All concur except HATCH, J., who dissents.

HATCH, J. I am unable to agree with the conclusion reached by the court in this case. It may be conceded that the averment of the contract to marry is not only inartificially stated, but is ambiguous in statement to a degree that nearly works its annihilation. I think, how-

ever, that a contract to marry may be spelled out of the language used, and that a breach of the contract is averred. The prevailing opinion proceeds upon the ground that the contract stated in the complaint lacks mutuality of promise, and is therefore insufficient to constitute it an enforceable contract. The language of the averment is: "That on or about May 21, 1882, in consideration that the plaintiff, who was then a sole and unmarried woman, at the request of the defendant, agreed and would marry him on such request." Stopping here, the averment is that the defendant requested the plaintiff to marry him, and upon such request she agreed to marry him. There is here a clear mutuality of promise stated—upon defendant's part, the request to marry; and upon the plaintiff's part, an acceptance of such request. There could not, therefore, be a more complete mutuality of promise than is to be fairly gathered from this language. Does the succeeding part of the paragraph destroy this averment of mutual promise? It reads, "the defendant promised the plaintiff to so marry her on his request." What request? Evidently the first—that the defendant would marry the plaintiff upon the request which he had made, and which she had accepted. Considering the whole of the paragraph together, it is susceptible of the construction that the defendant requested the plaintiff to marry him, that she accepted, and that upon such request and its acceptance he promised the plaintiff to marry her upon the request to marry which he had made. It would seem to follow, therefore, that the last clause does not destroy the first, but is in harmony with it, and is in fact a mere confirmation of the original request, which it is averred was accepted and acted upon. If the complaint be susceptible of this construction—and I think it is—there is expressed mutuality of promise, and a valid contract is susceptible of being deduced therefrom. The construction of such a pleading, even though it be conceded that a different conclusion might be reached, is to adopt the construction which will support it. 4 Ency. Pleading & Prac. 744, and cases cited. As it is capable of a construction which expresses a valid contract to marry, it is sufficient to resist the demurrer.

The interlocutory judgment should therefore be affirmed, with costs, and the defendant be given leave to plead over within 20 days upon the payment of costs in this court and in the court below.