## V. BIELA v. ANNA URBANCZYK.

### Decided February 1, 1905.

**1.—Contract of Marriage—Seduction—Damages.**

Where the action is for breach of a contract of marriage, evidence of seduction and the birth of a child may be considered in estimating the damages, but the action is one upon contract, not tort.

**2.—Same—Same—Discharge in Bankruptcy as Bar.**

A claim for damages arising from breach of a contract of marriage is one cognizable in bankruptcy proceedings and subject to be barred by a discharge.

**3.—Same.**

A discharge in bankruptcy is no release of such claim unless the claim has been scheduled by the bankrupt or unless the creditor had notice or actual knowledge of the bankruptcy proceedings, and a plea of discharge should so allege.

Appeal from the District Court of Karnes. Tried below before Hon. James C. Wilson.

*M. B. Little,* for appellant.

*J. C. Goode,* for appellee.

JAMES, CHIEF JUSTICE.—This is an action upon a breach of contract of marriage, and, among other elements of damages alleged, was plaintiff's seduction by defendant and the birth of a child.

The petition in this case sufficiently stated a cause of action, and the special demurrer was properly overruled.

Defendant interposed by plea a discharge in bankruptcy, and this plea was stricken out on a general motion for that purpose. The plea reads: "Defendant says that plaintiff ought not to recover in this suit for the following reasons: That, since the alleged breach of contract of marriage, and since the institution of this suit, defendant says that on the 28th day of May, 1903, he was adjudged to be a bankrupt by the District Court of the United States of America; that on the 9th day of May, 1904, he was granted a discharge from all debts which the court had power to grant; that the claim of plaintiff was such a demand as a discharge would relieve defendant from any further liability, and defendant here pleads his discharge in bankruptcy in bar of plaintiff's right to recover in this suit."

The character of the demand was an action upon a breach of contract, there being no action allowed the seduced party for seduction. The seduction and birth of a child are simply allowed to figure as elements of damage in a suit for breach of a contract of marriage. (Daggett v. Wallace, 75 Texas, 352.)

This was in no sense an action upon a tort, but essentially a demand arising upon a contract. The fact that the demand was an unliquidated one did not prevent its being proved in a bankruptcy proceeding, as the Bankrupt Act provides for the ascertainment and liquidation of such

character of claims. We think it clear that the present demand was one cognizable in the bankruptcy proceeding, and subject to be barred by a discharge.

The reason for this view is so clearly stated in Disler v. McCanley (73 N. Y. Supp., 270) that we are relieved thereby from any discussion of that particular subject.

The plea was, however, not sufficient as a bar for a different reason. Section 17 of the bankruptcy law reads: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as . . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

From this it is evident that the discharge is no release unless the particular claim had been scheduled by the bankrupt, or unless the creditor had notice or actual knowledge of the bankruptcy proceedings. By the terms of the Bankruptcy Act a discharge would be without effect upon claims not scheduled and where the creditor had no notice or knowledge of the proceedings. Therefore, in order to state a case of discharge in bankruptcy as to the claim against which it is pleaded as a release, it seems to us that it was essential for the plea to allege that the claim was scheduled, or that the claimant had knowledge of the bankruptcy proceedings, otherwise the discharge, by the very terms of the Act, was without any effect upon the claim. As was said by the Supreme Court of Vermont, in Bailey v. Gleason (56 Atl. Rep., 537): "To give the discharge effect, as to the claim in suit, it must appear not only that the debt was provable, but that it was duly scheduled by the debtor, or that the creditor had knowledge of the proceedings. It is this which gives the court jurisdiction of the particular creditor, and makes its discharge a discharge of the claim. The ordinary presumptions of regularity do not touch him, for, unless named in the schedule, he is unknown to the proceedings. Unless connected with the proceedings by the schedule, or by knowledge of them, there is no discharge as to him. So, in pleading the discharge in bar of his claim, there must be an allegation of that which makes the discharge effective against him."

Therefore we conclude that the ruling of the court, striking out the plea, was correct.

This disposes of the points made by appellant, and the judgment is affirmed.

*Affirmed.*