EMMA BOND, Appellant, v. FLAVIL E. MILLIKEN.

**Judgment for breach of promise:** DISCHARGE IN BANKRUPTCY. An
1  action for breach of a marriage promise, in which there are
   no allegations of seduction or other wrong, is for a simple
   breach of contract and is not within the exception of the
   bankruptcy act providing that the discharge shall not release
   the bankrupt from liability on a judgment "for wilful and
   malicious injury to the person or property of another."

**Appeal:** REVIEW OF QUESTIONS NOT PRESENTED IN THE COURT BELOW.
2  A party cannot raise questions upon appeal which are not
   presented, either by the pleadings or proof, to the trial court.

*Appeal from Hardin District Court.*— HON. J. H. RICHARD,
                          Judge.

MONDAY, NOVEMBER 19, 1906.

REHEARING DENIED, MONDAY, MAY 20, 1907.

Action in equity to establish a judgment existing in plaintiff's favor against defendant as a lien on certain real property of defendant acquired since the rendition of the judgment. The defendant pleaded a discharge in bankruptcy subsequent to the rendition of the judgment, and asked, by way of cross-demand, that the judgment be canceled. On the trial the only proof introduced was the record on which the judgment was rendered, and the discharge in bankruptcy in the usual form. Thereupon a decree was entered for the defendant and the plaintiff appeals.— *Affirmed.*

*F. M. Williams,* for appellant.

*J. H. Scales,* for appellee.

McClain, C. J.— It appears from the record that the judgment which the plaintiff seeks to have established as a lien against the property of defendant was rendered in an action brought by this plaintiff against this defendant to recover damages for breach of promise of marriage, and is for the recovery of damages in the sum of $3,000. on that cause of action. Two questions are presented on this appeal: First, as to whether the discharge in bankruptcy pleaded by defendant relieved defendant from liability for the damages recovered in that action, the claim on behalf of the appellant being that her claim is one of those excepted by the bankrupt act from the effect of the discharge; Second, that the discharge was not effectual because it was not made to appear, either in the allegations of the answer, or by the evidence introduced on the trial, that plaintiff's claim was scheduled among the liabilities of defendant in the bankruptcy proceeding, or that plaintiff had any notice or actual knowledge of such proceeding.

I. The contention that judgment for breach of promise of marriage is not within the operation of a discharge

under the bankrupt law is based on the second subdivision of section 17 of the bankruptcy act of July 1, 1898, chapter 541, 30 Statute 550 [U. S. Comp. St. 1901, page 3428], under which the discharge in question was granted, by which it is provided that the discharge shall not release the bankrupt from liability on a judgment "for willful and malicious injuries to the person or property of another." The action for damages for breach of promise is not only technically an action for breach of contract, but, in the action in which this judgment was rendered, was in fact only for breach of contract, for there were no allegations of seduction or other wrong. The allegations were that the defendant by "promises and artifices won the affections of the plaintiff, and she greatly became interested in the defendant and looked upon him as her future husband, but that the defendant, in violation of said promise and agreement [of marriage to plaintiff], wrongfully entered into marriage . . . with one Mary Rush and thereby placed it beyond his power to consummate and carry out his agreement with this plaintiff; that by reason of said wrongful act on the part of defendant the plaintiff has been outraged in her feelings, and humiliated in the estimation of her friends and acquaintances and suffered great mental anguish, agony, and mortification, by reason of which she has been damaged by the defendant in the sum of $5,000." It is plain that, under these allegations, defendant could not have been held liable for any injury to plaintiff without proof of a contract of marriage, and that the sole damage which could be proven was the damage resulting from the breach of such contract. The allegation of subsequent marriage to another did not in any way change the nature of the cause of action. It seems to have been uniformly held, in cases involving the effect of a discharge in bankruptcy on a claim for breach of promise of marriage, that the claim is not within the exception of the bankrupt act above referred to. *Finnegan v. Hall,* 72

1. JUDGMENT FOR BREACH OF PROMISE: discharge in bankruptcy.

N. Y. Supp. 347; *In re Fife* (D. C.) 109 Fed. 880; *In re McCauley* (D. C.) 101 Fed. 223; *Biela v. Urbanczyk* (Tex. Civ. App.), 85 S. W. 451.

It is evident that the statutory exception referred to relates to torts and not to breaches of contract. See, for instance, *Tinker v. Colwell*, 193 U. S. 473 (24 Sup. Ct. 505, 48 L. Ed. 754), wherein it is held that a claim for criminal conversation is within the statutory exception and is therefore not released by discharge in bankruptcy. We are not concerned here with the question involved in some of the cases already cited as to whether the discharge relieves the bankrupt from liability for damages in an action for breach of promise of marriage in which seduction is alleged. It may well be that, although the action is technically for breach of contract, if there is seduction as an accompanying fact, the claim, so far as it is for the special recovery of damages due to the seduction, may be held to be a claim for willful and malicious injury to the person; and no doubt, under the amendment to section 17 of the bankruptcy act of February 5, 1903 (32 St. 798, chapter 487 [U. S. Comp. St. Supp. 1903, page 684]), which enlarges the exceptions from the effect of a discharge so as to include liabilities for the seduction of an unmarried female or for criminal conversation, the claim of damages for seduction in an action for breach of promise of marriage is reserved. But we have no question of that kind in this case, and are satisfied with the correctness of the conclusion of the trial court that the discharge relieved defendant from further liability to the plaintiff under her judgment, unless, for the reason discussed in the next paragraph of this opinion, the defendant has failed to make out a discharge with reference to this particular liability.

II. It is further contended that defendant was relying on the discharge and that he had the burden of showing that plaintiff's judgment was scheduled or that the plaintiff had notice or knowledge of the bankruptcy proceeding. See sub-

division 3 of section 17 of the bankruptcy act of 1898. In
2. APPEAL: review of questions not presented in the court below. fact, however, defendant's discharge was set up in plaintiff's petition with the accompanying allegations that it was ineffectual because plaintiff's judgment was within the exception already referred to covering injuries to the person, and it is further alleged that for this reason the judgment remains a lien on defendant's land. Defendant had no occasion to allege or prove the scheduling of the judgment, for its effect was not attacked on that ground. In this court, for the first time, as it appears, plaintiff raises the point that the discharge was not effectual because the judgment was not scheduled. As plaintiff assumed the burden in the first instance of attacking the insufficiency of the discharge as to her judgment, she cannot rely on a ground of objection not raised and which defendant was not, therefore, called upon to disprove.

The decree of the trial court is *affirmed.*

WEAVER, J., takes no part.