# THE

# New York Supplement

## VOLUME 116

---

### HUGHES v. WALTER.

(Supreme Court, Special Term, New York County.　April 16, 1909.)

BREACH OF MARRIAGE PROMISE (§ 18*)—COMPLAINT—MUTUALITY OF PROMISE.

A complaint, in an action for breach of promise, that "in consideration that the plaintiff, who was then　*　*　*　unmarried, at the request of the defendant, would marry him on request, the defendant promised the plaintiff to marry the plaintiff on request," and that plaintiff had repeatedly requested of defendant that he marry her, and that defendant had neglected, failed, and refused, and does still neglect, fail, and refuse, to do so, sufficiently states a contract which is mutual and a breach thereof by defendant.

[Ed. Note.—For other cases, see Breach of Marriage Promise, Cent. Dig. §§ 21, 22; Dec. Dig. § 18.*]

Action by Essie Hughes against Homer T. Walter.　On demurrer to a complaint that it does not state facts sufficient to constitute a cause of action.　Overruled.

James Liebling, for plaintiff.
Brunner & Ryan, for defendant.

GIEGERICH, J.　The action is to recover damages for an alleged breach of promise to marry.　The complaint alleges:

"That heretofore, and on or about the 2d day of June, 1907, in consideration that the plaintiff, who was then sole and unmarried, at the request of the defendant, would marry him on request, the defendant promised the plaintiff to marry the plaintiff on request."

The complaint, among other things, further alleges that the plaintiff has repeatedly requested and demanded of the defendant that he marry her, and that the defendant has neglected, failed, and refused, and does still neglect, fail, and refuse, so to do, and demands judgment for $5,000.　The defendant has demurred to the complaint for insufficiency, and urges that the alleged contract to marry lacks mutuality, and hence is not enforceable.

---

The case of Smyth v. Greacen, 100 App. Div. 275, 276, 91 N. Y. Supp. 450, 451, is cited in support of such contention. There the complaint alleged that:

"In consideration that the plaintiff, who was then a sole and unmarried woman, at the request of the defendant, agreed and would marry him on such request, the defendant promised the plaintiff to so marry her on his request."

Mr. Justice Ingraham, who wrote the prevailing opinion, in passing upon the sufficiency of the allegation just quoted, said:

"What was it that the defendant promised? He promised to marry the plaintiff at his request, or, in other words, that he would marry her when he made a request that she marry him. This was in substance a mere option to marry the plaintiff, without any corresponding obligation on his part to marry her, and there was, therefore, no mutuality in the promise which can sustain the contract."

In the present case, however, the defendant promised to marry the plaintiff on her request, and the moment the plaintiff requested the defendant to marry her there arose an obligation on the part of the defendant to do so. There is thus in the case at bar the necessary mutuality, consisting of a legal obligation on the part of each of the parties to marry, which element, as already shown, was lacking in the Smyth Case. The complaint sufficiently alleges a valid contract and a breach thereof by the defendant. Getzelson v. Bernstein, 15 Misc. Rep. 627, 37 N. Y. Supp. 220.

The demurrer is therefore overruled, with costs, with leave to the defendant to withdraw the same and to answer upon payment of such costs within 20 days after the service of the interlocutory judgment, with notice of entry thereof.