### In re WARTH.

#### (District Court, E. D. New York. May 16, 1912.)

BANKRUPTCY (§§ 217, 424*)—STAY OF PROCEEDINGS IN STATE COURT—DISCHARGEABLE DEBT—JUDGMENT FOR BREACH OF PROMISE—"DEBT."

A judgment entered by a state court in New York on a general verdict for plaintiff in an action for breach of promise of marriage, although seduction is also alleged, is one on contract, and does not create a debt for a willful and malicious injury or for seduction of an unmarried female within Bankr. Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1496), which excepts such debts from those dischargeable in bankruptcy, especially since under the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

law of the state the plaintiff could not maintain an action in tort for her own seduction, and the court may, on the bankruptcy of the defendant, under section 11 of the act, stay proceedings for the enforcement of such judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340, 787, 818; Dec. Dig. §§ 217, 424.*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol. 8, p. 7628.]

In the matter of Charles F. Warth, bankrupt. On motion by Elsa Gutfreund to vacate an order of stay. Denied.

Samuel B. Pollak, of New York City, for petitioner.
Frank H. Curry, of New York City, for bankrupt.

VEEDER, District Judge. This is a petition by Elsa Gutfreund to vacate an order heretofore granted by this court staying further proceedings in execution of a judgment obtained by her against the bankrupt. It appears that the petitioner had brought an action against the bankrupt to recover damages for breach of promise of marriage. The complainant also alleged seduction under and by reason of such promise. The bankrupt answered, admitting his refusal to marry the petitioner, but otherwise denying the petitioner's allegations. At the trial the bankrupt admitted having had sexual intercourse with the petitioner, but denied any promise of marriage. The jury returned a general verdict in favor of the petitioner in the sum of $5,000, and judgment was entered on this verdict January 4, 1912. On February 8, 1912, the bankrupt filed a voluntary petition in bankruptcy in this court. The schedules filed by him disclose, in addition to the judgment in question, five other creditors whose claims aggregate less than $1,200, and practically no assets. On February 11, 1912, the bankrupt obtained from this court the order staying further proceedings in execution of the judgment which the petitioner now seeks to vacate.

By section 11 of the Bankruptcy Act, the court is authorized to stay, after adjudication, a suit which is founded upon a claim from which a discharge would be a release. Debts not affected by a discharge, as specified in section 17, include such as are "for willful and malicious injuries to the person or property of another." By amendment in 1903 several other exceptions to the general rule of dischargeability were added to this section, among which are liabilities "for seduction of an unmarried female."

According to the uniform course of authority, an action for breach of promise to marry is not a willful and malicious injury within the exception, even though seduction is alleged. The earliest case arose in this court under circumstances identical with those involved in the present application. In re McCauley (D. C.) 101 Fed. 223. After the stay granted in 'that proceeding had expired, the bankrupt moved in the state court for a cancellation of the judgment record, but the application was denied. Disler v. McCauley, 66 App. Div. 42, 73 N. Y. Supp. 270. To the same effect is Biela v. Urbanczyk, 38 Tex. Civ. App. 213, 85 S. W. 451. These cases

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hold that the statutory exception refers to actions for torts, and that inasmuch as the right of action for breach of promise of marriage, even when accompanied by seduction, rests entirely upon the contract and its breach, it falls within the general rule rather than the exception.

On principle no other conclusion seems possible. The action for breach of promise of marriage is in form and substance contractual, and differs from other forms of action on contracts only in permitting damages, on occasion, to be given as for a wrong. Finlay v. Chirney, 20 Q. B. D. 494; Thorn v. Knapp, 42 N. Y. 474, 1 Am. Rep. 561. While damages for seduction as a distinct ground of action cannot be added to the damages which the plaintiff is entitled to recover for a breach of the promise, seduction may, if alleged, be shown in aggravation of damages, on the ground that compensation for the injury sustained by the breach cannot be justly estimated without taking into consideration the increased humiliation and distress to which the plaintiff has been exposed. Kniffen v. McConnell, 30 N. Y. 285. In other words, proof of seduction is competent, not to sustain the action, or as constituting a separate cause of action, but to enhance the damages. Wells v. Padgett, 8 Barb. (N. Y.) 323. This is necessarily so in jurisdictions where the common-law rule prevails, according to which a seduced woman cannot maintain an action for her own seduction. Such is the rule in this state (Hamilton v. Lomax, 26 Barb. [N. Y.] 615; Getzelson v. Bernstein, 15 Misc. Rep. 627, 37 N. Y. Supp. 220), although, under exceptional circumstances, such an action was sustained in Graham v. Wallace, 50 App. Div. 101, 63 N. Y. Supp. 372. Mutual fault is the explanation of the common law rule. A seduced woman cannot recover because she consents. Hamilton v. Lomax, supra. Yet by statute seduction is punishable as a crime. Penal Code (N. Y.) § 284.

What effect, then, is to be given to the express reservation of seduction in the amendment of 1903? Apparently none, unless it be held to determine the conflict of authority as to whether a parent's action for loss of services of his daughter occasioned by seduction is within the exception. Compare In re Freche (D. C.) 109 Fed. 620, with In re Sullivan, 2 Am. Bankr. Rep. 30. For it had been held prior to the amendment that, where a seduced woman was permitted by statute to prosecute an action in her own name, the debt was not discharged. In re Maples (D. C.) 105 Fed. 919. And it is clear that where, as in this state, no such action is allowed, no effect whatever can be given to the amendment. The judgment in issue represents a liability either for breach of promise of marriage alone, or for breach of promise of marriage enhanced in amount by seduction. It must necessarily be taken to represent, in part at least, a liability for breach of promise of marriage, because that is the cause of action alleged in the complaint, and the only cause of action that the plaintiff could maintain under the circumstances. Probably it represents also, in part, a liability for seduction. But how can that be determined upon a general verdict? Even assuming such to be the case, how can it be determined what part of the judgment represents such liability? We

have, then, in this case, at the utmost, a judgment on a general verdict representing, in part, a liability for breach of promise of marriage, which is not within the exceptions specified in the act and is therefore dischargeable, and representing, in part, a liability for seduction, which is within the exception, and is therefore not dischargeable. In this situation it is clear that, inasmuch as a debt must be discharged unless it be brought within an exception to the general rule of dischargeability, a composite debt must be held to fall within the general rule. Cooke v. Plaisted, 181 Mass. 82, 62 N. E. 1054.

The petitioner relies upon the case of Bond v. Milliken, 134 Iowa, 447, 109 N. W. 774, 120 Am. St. Rep. 440, where, after holding that a breach ·of promise to marry was not a willful and malicious injury within the exception, the court added:

"It may well be that, although the action is technically for breach of contract, if there is seduction as an accompanying fact, the claim, so· far as it is for the special recovery of damages due to the seduction, may be held to be a claim for willful and malicious injury to the person; and no doubt, under the amendment to section 17 of the Bankruptcy Act of February 5, 1903, which enlarges the exceptions from the effect of a discharge so as to include liabilities for the seduction of an unmarried female or for criminal conversation, the claim of damages for seduction in an action for breach of promise of marriage is reserved."

Undoubtedly, as already indicated, the first suggestion would be sound if it were possible to ascertain how far the judgment is for the· special recovery of damages due to seduction. So far as the reference to the amendment of 1903 is concerned, it is sufficient to note that in Iowa an unmarried woman may by statute prosecute an action for her own seduction. See Dodd v. Focht, 72 Iowa, 579, 34 N. W. 425.

The motion is denied.