### In re WARTH.

#### Petition of GUTTFREUND.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

#### No. 83.

BANKRUPTCY (§ 421*)—DISCHARGEABLE DEBT—BREACH OF PROMISE—JUDGMENT.

Bankr. Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550, 551 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798, excepts from a bankrupt's discharge a judgment for damages for malicious injury to or seduction of an unmarried female. *Held* that, where petitioner, an unmarried female, recovered a judgment against the bankrupt for breach of marriage promise, accompanied by seduction, the real wrong would be regarded as the seduction, and the whole judgment, therefore, a' nondischargeable debt, in the absence of any showing as to the part that was awarded for breach of the marriage promise.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779–781, 783–786, 798–790; Dec. Dig. § 421.*]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of New York; Van Vechten Veeder, Judge.

In the matter of bankruptcy proceedings of Charles F. Warth. Petition by Elsa Guttfreund to revise an order of the District Court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Eastern District of New York (196 Fed. 571), denying her application to vacate an order restraining a judgment obtained against the bankrupt in an action for breach of marriage promise, accompanied by seduction. Reversed, and petition granted.

Samuel B. Pollak, of New York City (Morris Cukor, of New York City, of counsel), for petitioner.

F. H. Curry, of New York City, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The District Court properly restrained the petitioner from enforcing her judgment in case, but only in case, it was dischargeable. And whether it were dischargeable depends upon the real nature of the action in which the judgment was obtained. Its form was immaterial.

The action was in form for breach of promise to marry. The seduction was in form but an aggravation of the damage. The strict rule of the common law that a woman who consents cannot complain directly of the greatest possible wrong, had to be adhered to. But the action while in form upon contract was in substance for the gross fraud which the man perpetrated in taking advantage of the confidential relation established by the marriage engagement to accomplish the woman's dishonor. The substantial damages which the petitioner obtained were not for the deprivation of the matrimonial alliance, but for the loss of character and the ever-continuing shame and sorrow.

It has been the policy of the Bankruptcy Act to discharge honest debtors but not to afford a shield to willful wrongdoers and to avoid the possibility that seducers might take advantage of it, Congress in 1903 passed an amendment providing that liability for "the seduction of an unmarried female" should not be discharged. The provision is broad and we have no doubt applies and was intended to apply to every case where there is liability for seduction whether the action to enforce such liability be based, as is permitted in some states, directly upon the essential wrong, or by reason of the limitations of the common law, be founded upon the incident—the refusal to marry. To say that Congress intended to distinguish between these cases is to say that it intended to further favor seducers in those jurisdictions where they are already favored by adherence to an artificial form of action which often operates to prevent the enforcement of a morally just demand.

The contention is made that as the action is in form for breach of contract some portion of the damages awarded must have been for the loss of the matrimonial alliance and that as the judgment cannot be split up all must be discharged. As already pointed out, however, the real wrong for which the plaintiff recovered was for the seduction, and in the absence of any showing to the contrary it will be presumed that the substantial damages were awarded for that.

The order of the District Court is reversed with costs.