### In re GROUNDS.

(District Court, N. D. New York. July 10, 1914.)

BANKRUPTCY (§ 424*)—DISCHARGEABLE DEBTS—JUDGMENT—BREACH OF PROMISE—APPLICATION.

Though a woman could not recover at common law for her own seduction, yet she may recover for breach of marriage promise, and plead seduction as an element of damage; and hence a judgment against a bankrupt for breach of marriage promise accompanied by seduction was not dischargeable in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1496), providing that a discharge in bankruptcy shall release the bankrupt from all his provable debts, except a liability for seduction of an unmarried female.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 818; Dec. Dig. § 424.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Frank Edward Grounds. On motion by the bankrupt for an order enjoining further proceedings by Katazyna Szewsky to enforce or collect a judgment obtained by her against the bankrupt for breach of promise of marriage accompanied by seduction. Denied.

Harry E. Clinton, of Troy, N. Y., for bankrupt.
Crawford & Cogan, of Albany, N. Y., for creditor.

RAY, District Judge.   In January, 1914, Katazyna Szewsky obtained a judgment, on trial before a jury in the Supreme Court of the state of New York, against Frank Edward Grounds, the bankrupt, for $1,800 damages.   The complaint in that action charged a contract to marry at a time fixed and also:

"That said defendant, through said promise of marriage and by repeating said promise of marriage, seduced this plaintiff and had illicit intercourse with her, whereby the said plaintiff became pregnant and sick with child; that she suffered a miscarriage and was confined at a hospital," etc.

Evidence was given in support of both allegations, and the verdict and judgment followed.

The defendant, the bankrupt, contends that the judgment or debt is one dischargeable in bankruptcy, and that its collection should be stayed until the question of his discharge is determined.   Prior to the amendment of 1903, this would have been so; but in that year section 17 of the Bankruptcy Law was amended so as to read (so far as material here):

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, *except* such as * * * are *liabilities* * * * for seduction of an unmarried female," etc.

The defendant contends that this plaintiff could not herself have maintained an action to recover damages for the seduction, and cites Fiero on Torts, 372, Disler v. McCauley, 66 App. Div. 42, 73 N. Y. Supp. 270, and Getzelson v Bernstein, 15 Misc. Rep. 627, 37 N. Y. Supp. 220.

Whether or not there be a direct liability on the part of the seducer under promise of marriage to the seduced female for the seduction, on which and for which she can maintain an action directly, in case of breach of promise she may maintain an action for the breach of promise to marry, and set up the seduction, and recover damages for the breach of promise and seduction, and hence there is a liability for the seduction in such cases.   This was settled by the Circuit Court of Appeals in this circuit.   In re Warth, 200 Fed. 408, 118 C. C. A. 560, Noyes, Circuit Judge, writing the opinion.   By this I am bound, as I do not find that the Supreme Court of the United States has decided any case to the contrary under the Bankruptcy Law as amended.   The judgment in question here is not dischargeable in bankruptcy.

It follows that the stay and injunction herein granted May 29, 1914, must be vacated, and a further stay or injunction restraining proceedings to collect the judgment referred to, be denied.

So ordered.