MARGARET LAINFIESTA, Plaintiff, *v.* LIVINGSTON M. STURGES, Defendant.

(Supreme Court, New York Special Term, June, 1919.)

Pleading — liberal construction of — motion for judgment on — demurrer — answer — Code Civ. Pro. § 519.

> Under the rule of liberal construction prescribed by section 519 of the Code of Civil Procedure an amended complaint which pleads that defendant asked plaintiff " to marry him within a reasonable time thereafter and the plaintiff then agreed to marry said defendant within a reasonable time thereafter " alleges mutual promises, and defendant's motion for judgment on the pleadings, after demurrer to the complaint for insufficiency, will be denied and plaintiff's cross-motion for like relief will be granted with leave to defendant to withdraw his demurrer and serve an answer.

SEPARATE motions by each of the parties for judgment on the pleadings.

Burger & Burger, for plaintiff.

Robert Brenton Olsen, for defendant.

GIEGERICH, J. The plaintiff and the defendant both move for judgment on the pleadings, consisting of an amended complaint and a demurrer thereto, upon the

ground of insufficiency. The amended complaint alleges, among other things, that the defendant asked the plaintiff " to marry him within a reasonable time thereafter, and the plaintiff then agreed to marry said defendant within a reasonable time thereafter." The question is whether there is mutuality of promises, it being claimed on behalf of the defendant that there is no such mutuality, reliance being placed upon *Smyth* v. *Greacen,* 100 App. Div. 275, and *Hughes* v. *Walter,* 63 Misc. Rep. 199. It seems to me that in the present case the complaint, when given the liberal construction which the Code of Civil Procedure (§ 519) prescribes it shall be given, does allege a promise on both sides. Shortly stated, the complaint alleges that the defendant asked the plaintiff to marry him and she agreed to marry him. I think these allegations by fair intendment allege an offer on his part and an acceptance on her part, which constitutes the most common form of contract. The cases cited on behalf of the defendant do not support his contention. In the *Smyth* case the court held that the only promise of the defendant which was alleged was that he would marry the plaintiff on his own request, which of course amounted to nothing more than an option. In the *Hughes* case I pointed out that the promise alleged was that the defendant would marry the plaintiff on her request, and that when the plaintiff made that request the defendant's obligation to marry her immediately arose. The defendant's motion is therefore denied, and the plaintiff's cross-motion granted, with ten dollars costs, with leave to the defendant to withdraw his demurrer and to answer within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs.

Ordered accordingly.