In re FRECHE.

(District Court, D. New Jersey. June 3, 1901.)

BANKRUPTCY—DISCHARGE—DEBTS NOT RELEASED.

A judgment recovered in a court of New Jersey for seduction of the plaintiff's minor daughter, which must be based on loss of services, but also includes damages for personal injuries to the plaintiff through being subjected to mental anguish, disgrace, etc., is one for a "willful and malicious injury to the person or property of another," within the meaning of Bankr. Act 1898, § 17, subsec. 2, and is not released by a discharge of the defendant in bankruptcy.

William J. Linihan, for petitioner.
Neilson Abeel, for creditor.

KIRKPATRICK, District Judge. Gustav Freche has been adjudged a bankrupt by this court. In his schedule of debts he sets out a judgment recovered against him in the Essex county circuit court by one Charles T. Combs, and on which a writ of capias ad satisfaciendum has been issued, and for the failure to pay which Freche is now confined in the jail of said county. Freche has sued out of this court a writ of habeas corpus, directed to the jailer of the county of Essex, which, being returned into court, shows that the said judgment on which the execution issued was founded upon an action of tort for the loss of a daughter's services to her father, occasioned by her seduction by Freche. Freche has received a discharge in bankruptcy, and the question which this writ presents is whether the judgment so created is thereby discharged. The seventeenth section of the bankrupt act, so far as applicable to this case, reads as follows:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as are * * * judgments in actions for fraud or obtaining property under false pretenses or false representations or for willful and malicious injuries to the person or property of another."

The foundation of the judgment in an action by the father for the seduction of his daughter is the loss to him of her services, and, while the amount of service which the daughter had been in the habit of performing might be very small, still the action cannot be maintained in New Jersey unless the fact of performance be proved. Sutton v. Huffman, 32 N. J. Law, 58. Until the daughter attains the age of 21 years, this right to her services is a property right, which the father is entitled to enjoy without molestation; and any unlawful act which hinders him from availing himself of the benefits of this right, or making such disposition of it as he sees fit, is an interference for which he is entitled to recover damages, as for an injury to his property. But, as was said by Jackson, J., in Barbour v. Stephenson (C. C.) 32 Fed. 66, "the plaintiff goes through the form of showing that he was entitled to the daughter's services in order to reach the higher plane of wrong and injury for which he was entitled to compensation." Therefore, upon the foundation of loss of services there has been built up a right of the parent to recover in such actions damages for the personal injuries inflicted upon him by

the act of seduction, and to receive compensation for being thereby subjected to mental anguish, anxiety, permanent sorrow, dishonor, and disgrace. The jury is entitled to consider all these injuries in assessing the plaintiff's damages. In this respect the injury is to the person of the plaintiff, and the damages recovered are analogous to those in an action of slander or libel. In characterizing a judgment recovered under similar circumstances, Mr. Referee Hotchkiss says, in Re Selivan, "It may be taken for granted that at common law the bankrupt did an injury to the person or property of the creditor." The judgment recovered in this case in the state court is based upon the theory of compensating the plaintiff for the injuries which he had sustained to his person or property, or both. From the nature of the case, the act of the defendant, Freche, which caused the injury was willful, because it was voluntary. The act was unlawful, wrongful, and tortious, and, being willfully done, it was, in law, malicious. It was malicious, because the injurious consequences which followed the wrongful act were those which might naturally be expected to result from it, and which the defendant, Freche, must be presumed to have had in mind when he committed the offense. "Malice," in law, simply means a depraved inclination on the part of a person to disregard the rights of others, which intent is manifested by his injurious acts. While it may be true that in his unlawful act Freche was not actuated by hatred or revenge or passion towards the plaintiff, nevertheless, if he acted wantonly against what any man of reasonable intelligence must have known to be contrary to his duty, and purposely prejudicial and injurious to another, the law will imply malice. U. S. v. Coffin, Fed. Cas. No. 14,824; Steamship Co. v. McGregor, 61 Law T. (N. S.) 825. I am of the opinion that the discharge of the bankrupt does not release him from the judgment obtained by Charles T. Combs, for the nonpayment of which Freche is in custody, because the same is a judgment for willful and malicious injuries to the person or property of another, and, as such, excepted by subsection 2 of section 17 of the bankruptcy act. A rule may be entered discharging the writ.