EVA J. LEICESTER v. CORNELIA HOADLEY.

No. 12,893.      (71 Pac. 318.)

SYLLABUS BY THE COURT.

1. BANKRUPTCY — *Release of Judgment for Alienation of Affections.* A judgment obtained by a wife against another woman for damages sustained by the wife by reason of the alienation of the affections of her husband is not released by the discharge of the judgment debtor under proceedings in bankruptcy, where such alienation has been accomplished by schemes and devices of the judgment debtor, and has resulted in the loss of support and impairment of health to the wife.

2. ——— *Act Construed.* Injuries so inflicted are wilful and malicious, and are to the person and property of another, within the meaning of section 17 of the United States bankrupt law.

Error from Riley district court ; W. S. GLASS, judge. Opinion filed January 10, 1903.   Reversed.

*John E. Hessin,* for plaintiff in error.

*W. W. Harvey,* and *A. M. Harvey,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This action was brought by the defendant in error, Mrs. Hoadley, to procure the cancelation and discharge of the record of a judgment held against her by Mrs. Leicester.   By her petition it appeared that this judgment was obtained November 11, 1899, and that, by the consideration of the United States district court for the district of Kansas, sitting in bankruptcy, she was discharged from her debts on March 6, 1900, but, notwithstanding such discharge, Mrs. Leicester was still claiming the judgment rendered in her favor to be in full force and effect.   The answer filed by Mrs. Leicester admitted that she was claiming that the judgment was in full force and was

not discharged by the proceedings in bankruptcy, it being such an one as was not affected by such proceedings; that the judgment was rendered in an action for damages occasioned to her by the alienation of the affections of her husband by Mrs. Hoadley. The petition of Mrs. Leicester in the action in which the judgment was rendered alleged that Mrs. Hoadley had once been married but was divorced; that by the use of secret influences, by repeated effort, by meetings at various places by day and night, by false statements wilfully and maliciously made against Mrs. Leicester, by numerous and varied marks of affection exhibited toward Mr. Leicester, notwithstanding the repeated remonstrances from the wife, the affections of her husband had been alienated from her at a time in life when she most needed them, she being forty-seven years of age, and her home broken up, her health impaired, and her peace of mind destroyed.

After trial in the original action, verdict was for the plaintiff and judgment for $5000 entered thereon, a copy of the journal entry of the judgment being attached to Mrs. Leicester's answer. A demurrer filed by the plaintiff, Mrs. Hoadley, to this answer was sustained and Mrs. Leicester is here asking a reversal.

We are thus called upon to construe section 17 of the bankrupt law, which is as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another."

The questions here presented are whether the injury for which Mrs. Leicester obtained her judgment against Mrs. Hoadley was, first, wilful and malicious, and, second, whether it was one to her person

or property. What is a wilful and malicious act as applied to a civil liability? There can be no necessity of remarking that all definitions of wilfulness and maliciousness in connection with criminal actions are utterly aside and apart from this discussion. A wilful act is one done on purpose—intentionally, not accidentally. (*Anderson v. How*, 116 N. Y. 336, 22 N. E. 695; *In re Maples*, 105 Fed. 919.) That the acts ascribed to Mrs. Hoadley in the above statement fall within this definition will admit of no doubt. A malicious act, within any definition of the term, necessarily includes that of wilfulness, and, within the definition as applied to civil injuries, means nothing more than such acts as go to the destruction of another's legal rights without any just cause therefor, or, perhaps, rather in utter disregard of the legal rights of the injured one. A malicious act is "an unlawful act done intentionally, without just cause or excuse." (16 A. & E. Encycl. of L., 2d ed., 1112.) This is the definition found in *Bromage v. Prosser*, 4 B. & C. 255, and, as the authorities clearly show, has been followed in hundreds of cases since its announcement.

It is not necessary that one should be incited by a malevolent or malicious motive, such as is required to give color to a criminal act, in order that his act may be malicious, as used in the bankruptcy law. Hatred, or revenge, or passion need not inspire him. It is sufficient if the act be done in disregard of another's legal rights, and in a way which any reasonable person would know to be in contravention of those rights. It is a well-recognized subject in substantive law that one cannot interfere with the contract relations existing between others without being guilty of an actionable tort, and that such interference

is termed malicious, within the purview of the sense in which it is used in the bankruptcy law. Upon these general considerations many authorities might be cited. (16 A. & E. Encycl. of L., 2d ed., 1109.) The enticement away of servants and the slander of title are well-known examples of such malicious interference noted, and, as above suggested, are wilful and unjustifiable interferences with the contract relations existing between parties. Corporations may be charged with malice in such matters, and surely no corrupt or criminal motive may be charged as a basis.

The case of *Colwell v. Tinker*, 169 N. Y. 531, 62 N. E. 668, was one much like the case at bar, where a discharge was sought from damages awarded for criminal conversation. While, of course, such an offense is more grievous than the one upon which Mrs. Leicester recovered her judgment in this case, still the underlying principle is the same. The court there held that an action for criminal conversation was one for a wrongful act done intentionally and without just cause or excuse, and that the judgment recovered therefor was both a wilful and malicious injury to the person and property of another.

In *Exline v. Sargent*, 23 Ohio Cir. Ct. R. 180, it was held that a judgment for damages based upon the alienation of a wife's affections is within section 17 of the bankruptcy act, and could not be relieved against by the debtor's availing himself of the benefits of the the act.

We think that the injury for which Mrs. Leicester recovered in this case was wilful and malicious within the meaning of the terms used in the quoted section.

Was it an injury to person or property? The matrimonial relation, so far as the wife is concerned, from a pecuniary view, is made valuable chiefly because of

the provision it makes for her maintenance and the comfort and security afforded her by a home thereby secured, and all this is based largely, if not wholly, upon the love of her husband. The law will be found sadly deficient to compel, if love shall no longer prompt. While the deprivation of the love of her husband might not fall within the terms of the bankruptcy law, surely the results of that deprivation do. The petition of Mrs. Leicester upon which her judgment was obtained averred that she was forty-seven years of age ; that the greater portion of her life had been spent as the wife of Mr. Leicester ; that she was at that period of life when she needed all of the love and care which a husband only could bestow ; that the acts of Mrs. Hoadley had ''wholly alienated the affections of her said husband from her, and had broken up her home and deprived her of his comfort and love.'' She further alleged that, by reason of the wrong-doing of Mrs. Hoadley—

''Plaintiff has suffered agony of mind for many months, has passed many sleepless nights, and is and has been sore distressed during the continuance of the said grievances, and she is now, by reason of the conduct of the said defendant, sick, her health impaired and her home destroyed.''

Surely all of this was an injury. It was an injury to the person as well as to the property. Authorities are not wanting to sustain the claim that even anguish of mind and mental suffering are such injuries to the person as would fall within the language of the act. (*In re Freche*, 109 Fed. [D. C.] 620 ; *Delamater v. Russell*, 4 How. Pr. 234.) The loss sustained by the wife was not alone the loss of the affections of her husband, but the loss of all those comforts and ministrations dependent upon those affections. Her health had become impaired and her home destroyed.

The allegations of the petition under which Mrs. Leicester recovered the judgment in question are clearly that she suffered both in person and property, in the most ordinary and every-day acceptation of those terms.

We are of the opinion that the facts set out in Mrs. Leicester's answer were sufficient to show that the judgment sought to be discharged was such an one as, under the provisions of section 17 of the bankrupt law, was not discharged by proceedings in bankruptcy, and hence that the trial court erred in sustaining plaintiff's demurrer thereto.

This ruling will be reversed and the cause remanded for further proceedings.

All the Justices concurring.