Sanderson v. Hunt.

---

CASE 41—ACTION BY MARY HUNT AGAINST T. J. SANDERSON FOR SLANDER.—OCT. 13.

# Sanderson v. Hunt.

APPEAL FROM GRAVES CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

BANKRUPTCY—DISCHARGE—EFFECT ON JUDGMENT FOR SLANDER.

1. The bankruptcy act of July 1, 1898, provides that a discharge in bankruptcy shall release a bankrupt from all provable debts excepting among others, judgments in actions for wilful and malicious injury to the person of another. HELD, that a slander is necessarily a wilful and malicious act, and a discharge in bankruptcy does not release the bankrupt from liability for such judgment.

Sanderson v. Hunt.

BUGG & WICKLIFF, ATTORNEYS FOR APPELLANT.

The appellee having recovered a judgment against appellant for $3,500 for slander, on motion of appellee for a *capias ad satisfaciendum* against appellant, he, appellant, offered to file answer, setting up his discharge in bankruptcy as a defense and discharge of said judgment, which the court refused to allow him to file, and awarded the writ and the only question in this case is whether a discharge in bankruptcy operates to discharge a judgment against the bankrupt for slander.

It is admitted that the judgment for slander was obtained in an action wherein the speaking of wilful and malicious words by appellant was alleged by appellee. It is also admitted that appellant, in his petition in bankruptcy, scheduled this judgment as a provable debt and was duly discharged therefrom if, indeed, a debt of this character is by law dischargeable.

We contend that a slander is not an "injury to the person or property of another," within the meaning of the exception in the bankruptcy act.

It is true that slander is an injury to the character or the reputation, but this is an injury to a personal attribute and not an injury to the person.

"An injury to the person is defined to be a hurt or damage to a man's person, such as a cut, a bruise, or broken limb, or the like, as distinguished from an injury to his property or his reputation."

## AUTHORITIES CITED.

Sec. 17, Bankruptcy; Black's Law Dictionary; Civil Code, Ky., secs. 73 and 74; Dragoo v. Levi, 2 Duvall, 520; Am. & Eng. Ency. of Law (1st ed.), p. 403 and notes; Calloway v. Laydon, 47 Iowa (29 Am. Rep., 489).

D. G. PARK, ATTORNEY FOR APPELLEE.

We contend that according to common law definitions, the wilful and malicious injury or wrong which will sustain an action for slander or libel, is clearly classified under the terms "injuries to the person."

Mr. Black in his definition quoted by counsel for appellant, says "the phrase," as defined by him, "is chiefly used in connection with actions for tort for negligence."

Certainly the Congress of the United States in enacting the bankrupt law did not have in mind our Civil Code classification of forms of actions, but used common law terms comprehensive enough to embrace judgments for all wilful and malicious in-

Sanderson v. Hunt.

juries to the person in the prosecution of any former kind of action.

.We have refrained from a discussion of "wilful and malicious injuries" affecting "the relative or domestic rights of persons," or "the right of personal liberty" or "the right of private property," because the injury for which appellee's judgment was rendered is comprehended in the "injuries affecting the right of personal security."

### AUTHORITIES CITED.

Bankrupt Law, sec. 17; McDonald v. Brown (R. I.), 51 Atl. Rep., 213; S. C., 58 L. R. A., 768; Colwell v. Tinker (N. Y.), 62 N. E. Rep., 668, 670; S. C., 58 L. R. A., 765; In re Freche, 109 Fed. Rep., 620-1; Sutherland on Statutory Construction, secs. 289, 247; see also 245, 246, 249, 250, 254; Bishop on the Written Law, secs. 92d, 93, 103; Cooley's Blackstone (3d ed.), vol. 1, pp. 128, 129, 134; Idem., vol. 2, pp. 118, 137; see also 5 Cyc.., 402-3, and note 58.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee recovered a judgment against appellant for the sum of $3,500 in an action for slander. The writ of *capias ad satisfaciendum* was awarded appellee. Appellant, by proceedings had in bankruptcy subsequent to the judgment, was discharged of all of his provable debts. He included in his schedule of liabilities the judgment above named. The question for decision here is, was that judgment a liability from which the bankrupt was discharged under the act of Congress of July 1, 1898 (30 Stat., 550, c. 541 [U. S. Comp. St., 1901, p. 3418]). Section 17 of chapter 3 of the bankrupt law of 1898 (30 Stat., 550 [U. S. Comp. St., 1901, p. 3428]) provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as (1) are due as a tax levied by the United States, the State, county, district or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for

wilful and malicious injuries to the person or property of another. . . ." It is conceded that, unless this claim falls within the provision of "wilful and malicious injuries to the person or property of another," the exception mentioned in the act would not apply, and appellant would be discharged. An essential element of every slander is that it shall have been maliciously uttered. Any act that is done unlawfully and maliciously is necessarily willfully done; that is, it is done of the volition of the actor. A slander is necessarily a willful and malicious act.

It is argued for appellant that the injury done by a slander is neither to the person nor to the property of the one about whom it is spoken. At common law the right of personal security consists in a person's legal and uninterrupted enjoyment of his life, of his limbs, his body, his health, and his reputation. Of the "rights of persons," referred to by Blackstone (Bl. Com., p. 134), their infringement is discussed in part in this language: "The security of his reputation or good name from the acts of detraction and slander are rights to which every man is entitled by reason and natural justice; since without these it is impossible to have the perfect enjoyment of any other advantage or right." In volume 2, p. 118, Bl. Com. (Cooley), under the head of "Injuries Affecting Personal Security," he says: "As to injuries which affect the personal security of individuals, they are either injuries against their lives, their limbs, their body, their health, or their reputation." All these, as is each of them, are injuries to the person. The act of Congress must be understood as having used the words in the section quoted with reference to their common-law acceptation. Sutherland on Statutory Construction, 289. An injury to one's person may be done in a number of ways. For example, it may be done to some member

of his body, it may be to his health, it may be to his sense of feeling, it may be to his state or peace of mind. Any injury done to him that wounds him in any of these parts is essentially a personal injury—that is, an injury to his person; an injury to that which constitutes a part of his person. The law may not allow a recovery for all such injuries, but for such as it does allow a recovery for it may be classed generally as a recovery for a personal injury. As was said by the Supreme Court of Rhode Island in McDonald v. Brown, 51 Atl., 213, 58 L. R. A., 768: "Wounded feelings, mental anguish, loss of social position and standing, personal mortification, and dishonor are clearly injuries that pertain to the person. In so far as we are aware, injuries to the character are always classed in the law with injuries to the person." In Colwell v. Tinker, 169. N. Y., 531, 62 N. E., 668, 58 L. R. A., 765, it was held that criminal conversation with the wife is a personal injury to the husband, without regard to the statutory declarations to that effect, in New York. This was in a proceeding for a discharge under the section of the bankruptcy act quoted. As touching the intent and spirit of the bankrupt laws, that court well said: "The policy of the bankrupt law is to discharge the honest and unfortunate debtor from his contract obligations, and not to free him from judgments involving his fraud, which implies moral turpitude or intentional wrong, or judgments for willful and malicious injuries to the person or property of another." In the case of Re Freche (D. C.), 109 Fed., 620, decided in June, 1901, Judge Kirkpatrick, of the United States District Court, held that a judgment based upon a criminal conversation with the daughter of the judgment creditor was not one for which a bankrupt could be discharged under the section quoted. In summing up the elements constituting the rights.

of the plaintiff, the father of the seduced girl, to recover in that case, the learned judge said: "Therefore, upon the foundation of loss of services, there has been built up a right of the parent to recover in such action damages for the personal injuries upon him by the act of seduction, and to receive compensation for being thereby subjected to mental anguish, anxiety, permanent sorrow, dishonor, and disgrace. The jury is entitled to consider all these injuries in assessing the plaintiff's damages. In this respect the injury is to the person of the plaintiff, and the damages recovered are analogous to those in an action of slander or libel."

Appellant cites sections 83 and 74 of the Civil Code of Practice of Kentucky as indicating a legislative differentiation existing in this State regarding those personal injuries which appertain to the members of the person and those which affect only the character. Section 83 of the Civil Code deals with those civil actions which may be joined in one suit. It provides: "(5) For injuries to character; (6) for injuries to person and property." Section 74 of the Civil Code of Practice, concerning the venue of actions, provides: "Every other action for an injury to the person of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this State, must be brought in the county in which the defendant resides, or in which the injury is done." It was, of course, competent for the Legislature to provide what actions might be joined in one suit. All actions affecting real property may not be joined under that section; as, for example, an action upon a contract, express or implied, concerning real property, and an action for the recovery of real property. Yet this does not argue at all that both actions may not affect the rights of property. It may be, too, that

the Legislature might have omitted from section 74 the words, "and every action for an injury to the character of the plaintiff," as they were already embraced in the provision of the clause, "action for an injury to the person of the plaintiff." However that may be, as said in Colwell v. Tinker, supra, it was the common-law definition of the term "injuries to persons" that must be looked to, in interpreting the act of Congress, rather than the local acts of the several States.

The judgment of the circuit court refusing to discharge appellant is affirmed.