JACOB CRAMER, Respondent, v. WILLIAM BAR-
MON, Appellant.

**Kansas City Court of Appeals, May 3, 1909.**

1. **MALICIOUS PROSECUTION: Belief of Guilt: False Testi-
mony: Evidence: Instruction.** The evidence in an action for
malicious prosecution relating to prosecutor's belief of plain-
tiff's guilt and the seeking of false testimony need not be di-
rect. It is sufficient if it sustains a reasonable inference in
regard to those matters; and an instruction submitting
such matters to the jury is justified by the evidence in the
record.

2. ————: **Continuance of Criminal Proceeding: Damages: Prox-
imate Cause.** A criminal proceeding was continued by the de-
fendant from one term to another. *Held*, the presumption is the
continuance was to enable defendant in the prosecution to pre-
pare to resist the false accusations, and the damage accruing
during such period is the proximate result of the wrongdoer's
conduct.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park*, Judge.

AFFIRMED.

*Ringolsky & White* for appellant.

(1) The court erred in giving instruction number
one, of its own motion. (2) Our contention is that
there is nothing in the record, either direct or circum-
stantial, in the slightest degree, tending to prove that
the defendant, Barmon, did not believe that the plaintiff
was guilty of having received stolen property, knowing
the same to have been stolen.

*Leon Block* and *Frank P. Sebree* for respondent.

(1) The appellant's chief contention on this appeal
is that the evidence is not sufficient to justify a verdict
against him. Upon this question it is only necessary to

136 App—43

call attention to some of the facts which there was abundant evidence tending to prove, in order to show that appellant's position is untenable. First: The plaintiff's long and established excellent reputation with people generally, the wholesale houses and the police department; and Lurie's former good reputation, both of which were well known to defendant. Second: The reputation of plaintiff as an honest man, spoken of by Detective Sparks in defendant's presence at plaintiff's store, when they were taking the goods from plaintiff, and the fact that plaintiff made no effort at concealment of the goods or that he had bought them, and other goods on other occasions, from Lurie. Third: Defendant's offer to not prosecute plaintiff, if plaintiff would pay him five hundred dollars. Fourth: Defendant's statement to Lurie's brother that he did not care to prosecute Lurie, but he intended to make plaintiff pay and would hold Lurie as a menace to plaintiff. Fifth: His concealment of these same facts from the prosecutor, Mr. Johnson, and also at first his concealment of the claim that the suits were worth ten dollars each. (2) The evidence of defendant's malicious prosecution of plaintiff without probale cause. was abundant, and its weight was entirely sufficient to cause two juries to return verdicts in plaintiff's favor. Carp v. Insurance Co., 203 Mo. 295; Stubbs v. Mulholland, 168 Mo. 47; Butcher v. Hoffman, 99 Mo. App. 239.

ELLISON, J.—This action is for malicious prosecution on a charge of receiving stolen goods, in which plaintiff recovered judgment in the trial court. It appears that the parties each owned a clothing store in the north part of Kansas City, Mo.; that they were formerly friends of the same nationality. This is the second appeal of the case. The first is reported in 126 Mo. App. 54, to which we refer for a full history of the matters leading up to the institution of the action and upon which it is founded. The second trial, as did the first,

resulted in a verdict for the plaintiff. The principal objections urged against the judgment, in a general way, amount to an attack upon the sufficiency of the evidence to sustain the verdict.

Objections are particularized in criticism of an instruction given by the court of its own motion, submitting the hypothesis of defendant having prosecuted plaintiff without believing him to be guilty, or by false and fraudulent evidence. It is claimed that there is no evidence that defendant did not believe him guilty, or that false testimony was sought and procured. This claim is argued as though there should be direct or affirmative testimony which, in express terms, showed those things. It is of course, not necessary that such should be the character of the evidence. It is sufficient if the evidence be of such nature that reasonable inference would lead to a conclusion that those things were true; and of this character of proof there was an abundance. Defendant was an active prosecutor of the charge against plaintiff from the beginning, and many circumstances and incidents developed in the evidence which justified giving the instruction. Among other circumstances it was shown and since the verdict was for plaintiff, we must assume was truly shown, that defendant offered to settle the matter if plaintiff would pay him $500; and that he stated he did not wish to prosecute the man who stole the goods, but merely to hold him as a menace to plaintiff.

On July 10, 1899, plaintiff appeared in the criminal court and that court of its own motion continued the case to the October term "for want of time to try the same." At the October term the State appeared by the prosecuting attorney and the plaintiff (defendant there) applied for and obtained a continuance (cause not stated in the record) until the January term following, when the case was dismissed. At the trial of the case at bar plaintiff was asked, over defendant's objection, the following question: "Were you worried about this case?"

He answered "I am pretty near played out all my life since the first time in the beginning when they took me to jail." The objection was that as the State was ready for trial and the continuance, at least from October to January, was at plaintiff's request, he should not be allowed damage for his mental distress, etc., during that period. The objection is not well taken. It would be unjust and unreasonable to permit one to escape a part of his liability from the fact that his unlawful and malicious conduct extended over a space of time it would not have covered had the party wrongfully accused not procured a continuance. Presumably a continuance granted at his request was that he might become prepared to resist the false accusation. The damage accruing during such period would certainly be the proximate result of the wrongdoer's conduct.

In our opinion there is no sufficient cause for disturbing the judgment, and it is affirmed. All concur.