## Julius F. Taylor, Plaintiff in Error, v. Frank Marshall, Defendant in Error.

### Gen. No. 15,620.

1. JUDGMENTS—*what does not affect lien upon leasehold interest.*
*Held,* that the judgment in this case constituted a lien upon a leasehold interest of the defendant and that by the sale and ensuing conveyance by the sheriff the judgment plaintiff became vested with the legal title to such leasehold estate and that the surrender of his leasehold interest by the defendant in such judgment did not affect the rights of the judgment plaintiff.

2. APPEALS AND ERRORS—*what may be availed of on rehearing.*
If the appellee has misled the court by a statement in his brief he cannot thereafter question the right of the appellant upon petition for rehearing to call attention for the first time to the misstatements by which the court has been misled.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed on rehearing. Opinion filed April 8, 1910.

A. D. GASH, for plaintiff in error.

EDWARD H. MORRIS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Julius F. Taylor instituted a forcible detainer suit against Frank Marshall to recover possession of premises known as Nos. 171 to 175 Twenty-first street, Chicago. The court found the defendant not guilty and gave judgment against the plaintiff, who prosecutes this proceeding in error to reverse the judgment.

The evidence offered by the plaintiff tended to show that one Elnoria H. Fowler leased the premises to Poney Moore by a lease dated July 15, 1905, for a term commencing August 1, 1905, and expiring April 30, 1915, at an annual rental of $1,200 payable in equal monthly instalments in advance. Among other things the lease provided as follows:

"It is expressly agreed between the parties hereto that if default be made in the payment of the rent

above reserved, it shall be lawful for the party of the first part without notice to declare said term ended, to re-enter said premises and to expel party of the second part, and the said premises again to repossess and enjoy.''

On November 18, 1905, by a lease bearing that date, Moore sublet the same premises to Joseph Marshall for the balance of the term of the original lease, or to April 30, 1915, at a rental of $150 per month; and on November 9, 1906, Joseph Marshall, by a written assignment endorsed on the lease, assigned it to the defendant Frank Marshall.

The evidence further shows that on January 17, 1907, the plaintiff, Julius F. Taylor, recovered a judgment in the Circuit Court of Cook county, Illinois, in an action on the case for malicious prosecution and wilful and malicious injury against Poney Moore for $18,000; and that on October 1, 1907, the plaintiff caused an execution issued on the judgment to be levied on Moore's interest in the premises under the lease from Mrs. Fowler to him as real estate under section 3 of chapter 77 of the Revised Statutes, which provides that leasehold estates, when the unexpired term exceeds five years, are real estate as the term is used in that act.   The estate was sold under the execution to the plaintiff, and after the period of redemption had expired, and on February 1, 1909, the plaintiff received a sheriff's deed of Moore's interest in the property.

On that date the plaintiff served a notice on the defendant that the plaintiff was the owner of Moore's interest in the property by means of the sheriff's deed (a copy of which was also served on the defendant), and that the defendant should pay the rent of $150 per month to the plaintiff.   On February 2, 1909, the rent not having been paid, the plaintiff served on the defendant the usual landlord's five days notice, notifying the defendant that unless $150 rent of said premises for February, 1909, was paid within five days defendant's lease would be terminated.

The evidence also tended to show that the defendant was in possession of the property.

The defendant's evidence tended to show that on May 23, 1907, Moore surrendered his lease from Mrs. Fowler, and on the same day Mrs. Fowler leased the premises to one William Blunk. Moore notified Joseph Marshall by a letter dated June 4, 1907, that he had surrendered his lease to the owner, and directed him to see Blunk, stating he was in charge of the property. Following this, the agents of Mrs. Fowler on July 2, 1907, delivered a note or order to the defendant Marshall, addressed to Joseph Marshall and Frank Marshall, stating in substance that she had made a lease of the premises to Blunk and directing them to pay the rent of $150 per month to him. After this defendant Marshall paid his rent to Blunk.

It further appears that the lease from Fowler to Blunk was assigned to one Blackburn on January 8, 1908. Moore was adjudged a bankrupt August 12, 1907, and a trustee of his estate was appointed. The plaintiff filed his claim, based on his judgment, in the bankruptcy court and it was allowed.

In our opinion the judgment of the plaintiff was a lien upon the leasehold estate in the premises of Poney Moore, and that by the sale of that estate under the execution levied thereon, the plaintiff became the legal owner of the leasehold estate. The surrender of the lease by Moore did not affect the judgment lien on the leasehold estate. Dobschuetz v. Holliday, 82 Ill. 371, 374; 15 Am. & Eng. Ency. of Law, 21.

It appears from the evidence that the defendant was still in the possession of the premises at the time the demand for the payment of rent and the notice were served, and at the time of the trial, as the owner of the lease and under the lease.

The right, however, of the plaintiff to recover is based upon the non-payment of rent to him, Taylor, by the defendant Marshall after the service of a five days notice on Marshall to pay rent under chapter 80, sec-

tion 8, Landlord and Tenant Act, Revised Statutes of
Illinois, or it is based upon chapter 57, section 2, clause
6, Forcible Detainer Act, Revised Statutes of Illinois,
which provide for the bringing of forcible detainer by
a purchaser at a sale after demand in writing for pos-
session.

When this case was first presented to the court for
decision we were misled as to the proof in the record by
the following statement in plaintiff's brief, "that
Poney Moore sublet said premises to Joseph Marshall
on November 18, 1905, at $150 per month, *payable in
advance on the first day of each month*, for a term end-
ing at the same time of the original lease April 30,
1915." This statement that the rent was payable in
advance on the first day of each month was not denied
in defendant's brief, and that being the usual custom
in Chicago we were led to assume that the record
showed that the lease contained such provision.

In the petition for rehearing, however, our attention
is directed for the first time to the fact that the record
contains no such evidence. And it is urged in the
answer to the petition for rehearing that the defend-
ant relied in his brief filed herein wholly upon other
grounds to sustain the judgment of the court below,
and further, that the point was not raised in the trial
court as may be seen from the propositions of law
sustained, marked "held" and "refused;" and that
we should not consider a point raised for the first time
in a petition for rehearing. But we cannot say from
the propositions of law submitted in the record that
the point was not raised in the lower court, because
one of the refused propositions involved the failure to
pay rent and the forfeiture of the lease by Marshall
in consequence thereof. If the refusal to hold this
proposition indicates anything, it is that the trial court
held that the evidence did not show a failure to pay
the rent, and that there was a forfeiture of the lease
for that cause.

Ordinarily we would not consider a point raised for

the first time in a petition for rehearing, but the plaintiff in the court below prosecutes this writ of error to reverse a judgment of the lower court, and asks this court to reverse the judgment and remand the cause with directions to the court to make a finding and enter a judgment for the plaintiff. This we cannot do for the reason that on the proofs shown in the record the plaintiff was not entitled to recover, as he had not shown that any rent was due when he served his notice and demand. The defendant was not shown to be in default in the payment of his rent, and; therefore, his lease could not be declared forfeited on that ground.

Plaintiff having asserted in his brief a fact which the record does not show, and thereby misled the court, is not in a position to ask the court to disregard the failure to prove an essential fact to his right of recovery, because counsel for defendant did not call our attention to his misstatement of that fact in his brief. Plaintiff made a fatal error in failing to make proof of the fact, if it be a fact, that the rent was due and unpaid when the notice was served, on the trial. His statement in his brief filed in this court was inexcusable from any point of view. We cannot reverse the judgment on the ground that the insufficiency of plaintiff's evidence was waived by the defendant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*