## DRAKE v. VERNON.

Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 State. 798 (U. S. Comp. St. Supp. 1909, p. 1310), expressly releases all liabilities of a discharged bankrupt other than those excepted by the act.

A judgment for slander is within the provision in Bankr. Act July 1, 1898, c. 541, § 17, subd. 2, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310), which excepts from liabilities released by a discharge in bankruptcy those incurred for malicious injuries to the person or property of another, but a judgment against plaintiff in slander for costs is not within the exception.

Liability for costs, whether in actions ex contratu or ex delicto arises wholly from statute laws.

To bring a liability within the provision of Bankr. Act July 1, 1898, c. 541, § 17, subd. 2, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310), excepting from liabilities released by a discharge in bankruptcy those incurred for willful or malicious injuries to persons or property, its gist must arise from willful and malicious injury.

(Opinion filed November 2, 1910.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

Action by W. R. Drake against Edgar R. Vernon. From an order setting aside execution, and staying proceedings to enforce a judgment previously recovered by defendant, he appeals. Affirmed.

*Chas. D. Howe,* for appellant.

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as are * * * liabilities for

willful and malicious injuries to the person or property of another. Bankruptcy Law, 1898, Sec. 17a. A judgment for slander is not a liability from which a bankrupt is discharged under the National Bankruptcy Act of 1898. Sanderson v. Hunt, 116 Ky. 435, 3 Am. & Eng. Annotated Cases, 168. Costs recovered in an action ex delicto are merely incident to the judgment and therefore no exemption is good against them. 18 Cyc. 1389; Stuckey v. McKibbon, 92 Ala. 622, 8 So. 379; Russel v. Cleary, 105 Ind. 502, 5 N. E. 414. An unsuccessful plaintiff in a tort action cannot have an exemption against the costs to which the judgment renders him liable. 18 Cyc. 1389. Under a statute which allows an exemption against the debt growing out of or founded upon contract, express or implied, a judgment for costs of the opposite party is not within the statute, for the obligation is one which depends entirely upon the statute and not upon any contract. 18 Cyc. 1389. Ross v. Banta, 140 Ind. 120, 34 N. E. 865, 39 N. E. 732; Donald v. Banta, 5 Ind. App. 71; in re Owens, 6 Biss. (U. S.) 432.

*Frank C. Wederath* and *C. S. Christopherson,* for respondent.

Costs are those expenses incurred by parties in prosecuting or defending suits or proceedings at law or in equity, which are recognized and allowed by law. Am. & Eng. Enc. P. P., vol. 5, p. 100. The judgment in question was a provable debt against the estate of the bankrupt, the judgment debtor, and not falling within any of the exceptions of the bankruptcy act, having been properly listed and scheduled in the bankruptcy proceedings, it is clearly discharged by such proceedings. Cyc. vol. 11, p. 24. A judgment of a state court against a bankrupt, obtained before the filing of his petition in bankruptcy, for fines and costs upon indictments, is provable against his estate, although not entitled to precedence, and a discharge will release therefrom. In re Alderson, 98 Fed. Rep. 588; Sec. 17, Federal Bankruptcy Act 1989; Loveland on Bankruptcy, 828, Sec. 289.

SMITH, J. In the year 1907 W. R. Drake, who is respondent herein, brought an action against Edgar R. Vernon, appellant, in the circuit court of Lyman county to recover damages for

alleged false and slanderous statements. Appellant, answering the complaint, alleged the truth of the words spoken. Upon the trial the jury found in favor of appellant on all the issues, and on the 19th day of May, 1908, the court entered a judgment dismissing the complaint, and adjudging that appellant recover $163.70 costs and disbursements in the action. On the 29th of June, 1909, an execution issued upon this judgment, and on the 17th day of July, 1909, the sheriff, not finding any personal property of the debtor, levied upon certain of his real property to satisfy the execution. On the 18th of August, 1909, respondent served notice of a motion for an order recalling and setting aside the execution and perpetually staying further proceedings to enforce the judgment, alleging as grounds therefor that the judgment had been discharged by proceedings in bankruptcy. The motion was brought on for hearing on the 17th day of September, 1909. On the hearing it was disclosed that by an order of the United States District Court for the Southern Division upon proceedings duly had Wm. R. Drake, the respondent, was discharged from all debts and claims provable under the bankruptcy act against his estate which existed on the 8th day of April, 1909, "except such debts as are by law excepted from the operation of a discharge in bankruptcy." The circuit court of Lyman county made and entered an order recalling and setting aside the execution, and perpetually staying all further proceedings to enforce said judgment, to which order the appellant, Edgar R. Vernon, excepted, and thereafter perfected an appeal to this court. Appellant assigns as error the order recalling and setting aside the execution and staying proceedings to collect the judgment. The lower court ruled that the judgment for costs in favor of defendant on the action for slander was discharged by the proceedings in bankruptcy.

Section 17a, Bankr. Law 1898, provides as follows: "A discharge in bankruptcy shall release the bankrupt from all of his provable debts except such as are * * * liabilities for willful and malicious injury to the person or property of another." Act July 1, 1898, c. 541, § 17a, 30. Stat. 550 (U. S. Comp. St. 1901, p. 3428). It is the contention of appellant that slander is a

"willful and malicious injury to the person of another," within the provision of section 17a, subd. 2, supra; that a judgment for such an injury is not provable debt, and is not released by a discharge in bankruptcy: and that a judgment for costs in such an action whether recovered by plaintiff or defendant partakes of the nature of the action itself, and is not released. In support of this contention, appellant cites Winton v. Knott, 7 S. D. 179, 63 N. W. 783, in which this court held that in an action for the recovery of damages for the wrongful taking and conversion of personal property—the action being one in which the defendant might have been arrested, if the plaintiff fails—and a judgment for costs is awarded against him, he is subject to a body execution. This decision is fully sustained by the New York authorities cited, which have been approved by the late case of Davids v. B. H. R. Co., 104 App. Div. 23, 93 N. Y. Supp. 285, affirmed in 182 N. Y. 526, 74 N. E. 1116. In the latter case the court says: "Imprisonment for debt was the rule of the common law, and the statutes in question are a mitigation of its harshness. They are effective only in so far as the Legislature has seen fit to make them so." Section 156, Code Civ. Proc., provides: "No person shall be arrested in a civil action except as prescribed by this Code, but this provision shall not apply to proceedings for contempt." Section 157: "The defendant may be arrested as hereinafter prescribed, in the following cases," &c. An action for the recovery of damages for the wrongful taking and conversion of personal property is one of the actions named under the section. The construction of these statutes adopted by the New York courts and followed by this court in Winton v. Knott, supra, apparently proceeds upon the idea that actions specified in section 157 are excepted out of the operation of the general rule laid down in section 156, Code Civ. Proc., and in those cases the rule as to arrests in civil actions at common law remains unchanged. It is apparent, therefore, that neither the New York decisions cited nor the decision of this court in Winton v. Knott can be regarded as authority for the proposition contended for by appellant. Section 17 of the Bankrupt Law of 1898, as amended by the act of

1903, reads as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (2) are liabilities for frauds or obtaining property by false pretenses or false representations or for willful and malicious injuries to the person or property of another." Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310). The first clause of subdivision 2 above quoted, relating to liabilities in actions for fraud or obtaining property by false pretenses or false representations, has been construed by the federal courts as stated in Collier on Bankruptcy, 319, as follows: "As the law stands, the frauds which will bar discharge are those connected with the obtaining of property by 'false pretenses or false representations.' Only those liabilities strictly within subdivision 2 are now not affected by a discharge. Such frauds, as well as those included within the original section, are frauds in fact, involving moral turpitude or intentional wrong. As to what is and what is not fraud each case turns on its own facts. When a judgment has been entered, the record considered as a whole will determine whether the debt is a fraud. In order that a judgment may be one recovered for fraud so as to prevent its discharge, the record in the action must show that fraud and deceit was the 'gist and gravamen' of the action."

It is apparent that the broad scope and intent of the bankruptcy act is to release. and discharge the bankrupt debtor from all liabilities other than those expressly excepted by the act. That a judgment for plaintiff as the injured party in an action of slander is within the exception contained in subdivision 2, § 17, Bankr. Law, as amended, may be conceded without discussion. McDonald v. Brown, 23 R. I. 546, 51 Atl. 213, 58 L. R. A. 768, 91 Am. St. Rep. 659; Sanderson v. Hunt, 116 Ky. 435, 76 S. W. 179, 3 Am. & Eng. Ann. Cas. 168, and cases there cited. But it does not follow, as contended by appellant, that a judgment for costs awarded the defendant in an action of slander is a "liability for a willful and malicious injury to the person or property" of the plaintiff who instituted but failed to recover in the action. The

liability for costs whether in an action ex contractu or ex delicto, arises wholly from statute law. Northern v. Hanners, 121 Ala. 587, 25 South. 817, 77 Am. St. Rep. 74. To bring the "liability" within the exception in the bankruptcy law, the "very gist and gravamen" of the liability must arise from a "willful and malicious injury" to person or property. So far as the plaintiff is concerned in an action for such an injury, his expenditures in the way of costs are rendered necessary and occasioned directly by the "willful and malicious injury," redress for which he is compelled to seek in an action in the courts. Hence the cost element in a judgment for plaintiff in such an action necessarily partakes of the nature of the action, in that it is a direct result of the very injury itself. But to hold that a judgment awarded the defendant for costs in such an action "partakes of the nature of the plaintiff's cause of action," when the very right to the judgment for costs is created by and founded wholly upon statute, and not in any sense upon a willful or malicious injury to the person or property of the defendant in the action, would, it seems to us, be little short of an amendment to the bankruptcy law by judicial legislation. The Alabama cases cited by appellant—Stuckey v. McKibbon, 92 Ala. 622, 8 South. 379, and Northern v. Hanners, 121 Ala. 587, 25 South. 817, 77 Am. St. Rep. 74—are not in point in the case at bar. The Constitution and statutes of Alabama exempt certain personal property from execution for contract debts, and the cases hold that an unsuccessful plaintiff in a tort action cannot claim such exemptions against an execution for defendant's costs. It was not necessary in those cases for the court to decide that "costs partake of the nature of the plaintiff's cause of action." The court, it seems to us, really placed those decisions upon the ground that the debts from which exemptions were allowed by law were such as arose ex contractu, and that a judgment for costs was not a contract debt within the meaning and intent of the law.

The order appealed from should be affirmed.