MICHAEL PETRILLO and PASQUALE PETRILLO, complainants-respondents,

*v.*

WILSON A. SNELBAKER et ux., defendants-appellants.

[Submitted February 4th, 1941. Decided April 25th, 1941.]

438

*Mr. Robert Peacock,* for the appellants.

*Mr. Fred A. Gravino* (*Mr. Horace G. Brown,* of counsel), for the respondents.

The opinion of the court was delivered by

COLIE, J.

On September 27th, 1926, William B. Snelbaker paid for a lot in Woodbury, Gloucester county, and a deed was delivered by his grantor, Developers Home Builders, Inc. The deed named Wilson A. Snelbaker, his son and one of the appellants, as grantee. The son, Wilson A. Snelbaker, executed a mortgage to Peoples Building and Loan Association of Woodbury, but his father, William B. Snelbaker, paid the dues to the association and ultimately the shares therein matured, the bond was surrendered and the mortgage canceled of record. From 1926 until 1938 the father, William B. Snelbaker, paid the taxes and other expenses of the property. On June 1st, 1938, the son, Wilson A. Snelbaker, and Ruth L. Snelbaker conveyed to one John Phelan, who, on the same date, reconveyed to Ruth L. Snelbaker. Both father and son testified that the property was given to Ruth L. Snelbaker as a wedding gift, she having married Wilson A. Snelbaker on September 8th, 1926, and her testimony was to the same effect.

On May 16th, 1938, the Petrillos, complainants-respondents herein, instituted a suit in the Gloucester County Circuit Court for malicious prosecution against Wilson A. Snelbaker and on February 11th, 1939, recovered judgments aggregating $3,082.20. On March 24th, 1939, execution issued and was

returned unsatisfied, whereupon a bill was filed in the Court of Chancery seeking to set aside, as fraudulent, the above mentioned conveyances of June 1st, 1938, from Wilson A. Snelbaker and Ruth L. Snelbaker to Phelan and from Phelan to Ruth L. Snelbaker. Defendants filed an answer and amended answer setting up by way of defense, that the property was a gift from William B. Snebaker and that the discharge in bankruptcy had by Wilson A. Snelbaker on October 10th, 1939, relieved him of the obligation of the judgments in the malicious prosecution suits.

A complete answer to the contention that the Petrillo judgments were wiped out by the bankruptcy is found in the Bankruptcy act, *11 U. S. C. A. ¶ 35* as amended, which reads in part as follows: "A discharge in bankruptcy shall release a bankrupt from all provable debts, whether allowable in full or in part, except such as (1) * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, *or for willful or malicious injuries to the person or property of another* * * *" and *Tinker* v. *Colwell, 193 U. S. 473; 48 Law Ed. 754,* which says: "Malice, in common acceptation, means ill will against a person; but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse."

There was plenary proof in the case to sustain Vice-Chancellor Davis' finding of fact that the conveyances to Phelan and back to Ruth L. Snelbaker were fraudulent as to respondents.

The decree of the Court of Chancery will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.