Ervin KOCH (Plaintiff), Respondent,

v.

Eldridge SEGLER (Defendant), Appellant.

No. 30367.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 17, 1960.

Frank E. Doyle, St. Louis, and Fletcher P. Gotter, Overland, for appellant.

Leo A. Politte and Charles P. Moll, Washington. for respondent.

DOERNER, Commissioner.

Defendant appeals from an order of the Circuit Court of St. Charles County denying his motion to quash an execution issued against him.

The facts are undisputed. Plaintiff instituted a suit for malicious prosecution against defendant in that court on August 24, 1957 growing out of an arrest and prosecution for felonious assault. The case was tried before a jury on September 19, 1958, resulting in a verdict for plaintiff of actual damages in the sum of $600, for which a judgment was entered. No appeal was taken by either party. Thereafter, on October 1, 1958, defendant filed a voluntary petition in bankruptcy in the

United States District Court for the Eastern Division of the Eastern District of Missouri, and was adjudged a bankrupt. In his schedules defendant listed the plaintiff as an unsecured creditor by reason of the foregoing judgment. Notice of the bankruptcy proceedings was given to plaintiff, but whether he appeared therein or filed a claim against the bankrupt estate does not appear from the transcript. On December 1, 1958 the Referee in Bankruptcy of the Federal court made and entered an order of discharge, discharging the defendant from all debts and claims provable under the Bankruptcy Act, " * * except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy." Subsequent to defendant's discharge plaintiff caused an execution to be issued. Defendant filed a motion to quash the execution, which the trial court overruled, and after unsuccessfully moving for a new trial, defendant appealed to this court.

The sole issue in the case is whether the discharge in bankruptcy released the defendant from the judgment obtained in plaintiff's action for malicious prosecution. As the parties agree, the determination of that question depends upon the construction to be made of Title 11 U.S.C.A. § 35, sub. a relating to debts not affected by a discharge. The pertinent part of that section provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another * * *."

The tenor of defendant's argument is that the judgment was not a liability for willful and malicious injury to the person or property of plaintiff because the foregoing part of the section contemplates only willful and malicious physical injuries to the person or property of another; and that injuries to character, reputation, good name and fame are not injuries to the person. In support of that argument zealous counsel for defendant traces the distinction in common-law actions between trespass and case, which he states remained in effect through our subsequent codes on pleading, Sec. 2, Art. VI, Ch. 128, RSMo 1855, and Sec. 917, RSMo 1939, until the adoption of our present code, in 1943;[1] and also cites what he contends is a recognition of the distinction between remedies for injury to person, property or character in Art. I, Sec. 14 of the Missouri Constitution of 1945, V.A.M.S.

What we are called upon to construe here, however, is a Federal, not a state statute, and a reference to the decisions of the Federal courts, as well as those of other states, readily reveals that the section under consideration has not been so narrowly construed. Thus, in the early case of Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754, the question presented was whether a judgment obtained against the defendant, for damages arising from the criminal conversation of the defendant with the plaintiff's wife, was released by the defendant's subsequent discharge in bankruptcy, or whether it was excepted by reason of the foregoing clause of the statute. In ruling that the judgment was not discharged that court said (193 U.S. 473, 481, 24 S.Ct. 505, 506):

"We are of opinion that it was not released. We think the authorities show the husband has certain personal and exclusive rights with regard to the person of his wife which are interfered with and invaded by criminal conversation with her; that such an act on the part of another man constitutes an assault even when, as is almost universally the case as proved, the wife in fact consents to the act; because the wife is in law incapable

1. Now V.A.M.S. §§ 509.060, 509.110, 509.120.

of giving any consent to affect the husband's rights as against the wrong-doer, and that an assault of this nature may properly be described as an injury to the personal rights and property of the husband, which is both malicious and wilful. A judgment upon such a cause of action is not released by the defendant's discharge in bankruptcy."

After reviewing the early English and American cases dealing with a husband's action for assault vi et armis, and of trespass on the case, on which it based its decision, the court stated (193 U.S. 473, 485, 24 S.Ct. 505, 508):

"We think it is made clear by these references to a few of the many cases on this subject that the cause of action by the husband is based upon the idea that the act of the defendant is a violation of the marital rights of the husband in the person of his wife, to the exclusion of all others, and so the act of the defendant is an injury to the person and also to the property rights of the husband."

In holding that a judgment for slander was not released by a discharge in bankruptcy, the court in Sanderson v. Hunt, 116 Ky. 435, 76 S.W. 179, said:

"It is argued for appellant that the injury done by a slander is neither to the person nor to the property of the one about whom it is spoken. At common law the right of personal security consists in a person's legal and uninterrupted enjoyment of his life, of his limbs, his body, his health, and his reputation. Of the 'rights of person,' referred to by Blackstone (Bl. Com. p. 134), their infringement is discussed in part in this language: 'The security of his reputation or good name from the acts of detraction and slander are rights to which every man is entitled by reason and natural justice; since without these it is impossible to have the perfect enjoyment of any other advantage or right.' In volume 2, p. 118, Bl. Com. (Cooley), under the head of 'Injuries Affecting Personal Security,' he says: 'As to injuries which affect the personal security of individuals, they are either injuries against their lives, their limbs, their body, their health, or their reputation.' All these, as is each of them, are injuries to the person. The act of Congress must be understood as having used the words in the section quoted with reference to their common law acceptation. Sutherland on Statutory Construction, 289. An injury to one's person may be done in a number of ways. For example, it may be done to some member of his body, it may be to his health, it may be to his sense of feeling, it may be to his state or peace of mind. Any injury done to him that wounds him in any of these parts is essentially a personal injury—that is, an injury to his person; an injury to that which constitutes a part of his person. The law may not allow a recovery for all such injuries, but for such as it does allow a recovery for it may be classed generally as a recovery for a personal injury."

■ To the same effect is Tudryck v. Mutch, 320 Mich. 86, 30 N.W.2d 512, 517, certiorari denied 334 U.S. 819, 68 S.Ct. 1083, 92 L.Ed. 1749, where it was said:

"Injuries within the meaning of the exception are not confined to physical damage or destruction."

And in Remington on Bankruptcy, Vol. 8, Sec. 3335, p. 207, the author states:

" 'Injuries to the person or property of another' is a phrase broadly construed, the emphasis being on the character of the act as willful and malicious. For instance, as hereinabove brought out in connection with the conversion cases, physical injury or damage to property is not essen-

tial to applicability of the exception. Wrongful sale of land which is subject to an unrecorded mortgage can fall within the exception. So can a judgment for libel or slander or for wrongful attachment of property."

Illustrative of the broad construction which has been given to the phrase "injuries to the person," the discharge of a bankrupt has been held not to release him from a judgment for alienation of affections, Leicester v. Hoadley, 66 Kan. 172, 71 P. 318, 65 L.R.A. 523; Allard v. La Plain, 147 Wash. 497, 266 P. 688; Ernst v. Wise, Ohio Com.Pl., 94 N.E.2d 806; for the seduction of a minor daughter, In re Freche, D.C., 109 F. 620; for libel, McDonald v. Brown, 23 R.I. 546, 51 A. 213, 58 L.R.A. 768; Thompson v. Judy, 6 Cir., 169 F. 553; National Surety Co. v. Medlock, 2 Ga.App. 665, 58 S.E. 1131; or for slander, Sanderson v. Hunt, supra; Parker v. Brattan, 120 Md. 428, 87 A. 756; Drake v. Vernon, 26 S.D. 354, 128 N.W. 317.

What, then, of a judgment for malicious prosecution? Both sides cite the only case in Missouri which has touched upon the question, Mason v. Perkins, 180 Mo. 702, 79 S.W. 683, but as may be expected, the parties differ widely in their interpretation of the opinion in that case. That decision involved a suit to determine the interests of the litigants in a certain tract of land. The facts are best stated in the language of the court as they appear in 180 Mo. on page 704, 79 S.W. on page 684:

"Both parties claim title under L. B. Perkins, the father of the defendant. The plaintiff claims title by a conveyance from O. T. Hamlin, who purchased the property at a sheriff's sale thereof under an execution based upon a judgment for $500 in favor of Mellie Vandiver and against L. B. Perkins, rendered by the circuit court of Polk county, on April 18, 1900, in an action for damages for malicious prosecution of said Mellie Vandiver by said L. B. Perkins. And the de-

fendant claims title by virtue of a deed to him from his father, L. B. Perkins, and his wife, dated April 14 and recorded April 17, 1900."

That part of the Supreme Court's opinion which is pertinent here reads (180 Mo. loc. cit. 706, 79 S.W. loc. cit. 684):

"The first question in this case is whether the discharge in bankruptcy released L. B. Perkins from the Vandiver judgment. Section 17, par. 2, of the Bankrupt Act of 1898, expressly declared that: 'A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another,' etc. (U.S.Comp. Stats.1901, vol. 3, p. 3428 [11 U.S.C. A. § 35].) The Vandiver judgment was based entirely upon a willful and malicious injury to the person of Mellie Vandiver, and hence the discharge in bankruptcy did not release L. B. Perkins from that judgment."

Defendant construes this language to mean that the judgment was recovered by Mellie Vandiver because of a physical injury to her person. We do not agree. The statement of facts, heretofore quoted, makes it plain that the Vandiver suit was for malicious prosecution, not for an assault and battery. It is evident that the court had in mind injuries to Mellie Vandiver's character, reputation, and such other injuries as ordinarily result from a malicious prosecution. Hence, we regard the opinion as holding that a discharge in bankruptcy does not release the bankrupt from a prior judgment for damages for malicious prosecution.

So construed, Mason v. Perkins accords not only with the rationale of Tinker v. Colwell, supra, and the other cases heretofore cited, but with the relatively few cases involving the applicability of the

statute to a judgment for malicious prosecution. Thus, in McChristal v. Clisbee, 190 Mass. 120, 76 N.E. 511, 3 L.R.A.,N.S., 702, the plaintiff sought and obtained a general judgment on three separate counts: The first, for assault and battery; the second, for false imprisonment; and the third, for malicious prosecution. As to all of such counts, the court there said (76 N. E. loc. cit. 511):

"* * * each of them alleges a willful and malicious injury to the person of the plaintiff."

And in holding that the judgment was not discharged, the court remarked (76 N. E. loc. cit. 511):

"There cannot be an assault and battery, or a false imprisonment, or a malicious prosecution, without a willful injury of the person upon whom the wrong is inflicted."

In 6 American Jurisprudence, Bankruptcy, Section 787, page 1011, it is said:

"The exception from discharge of debts due for wilful and malicious injuries to the person of another has reference to injuries to reputation as well as physical injuries to the person. Therefore, judgments for libel, slander, malicious prosecution, etc., are excepted, provided the liability is one based upon malice.

"The statutory exception from discharge of liability for wilful and malicious injuries includes liability for injury to property. The exception as respects injury to property is not confined to physical damage or destruction. The property need not be tangible in order that the exception be invoked."

And in McDonald v. Brown, supra [23 R.I. 546, 51 A. 214], the court stated:

"* * * Wounded feelings, mental anguish, loss of social position and standing, personal mortification and dishonor, are clearly injuries that pertain to the person."

See also Taylor v. Marshall, 153 Ill.App. 409, reversed on other grounds, 155 Ill. App. 456; and Petrillo v. Snelbaker, 129 N.J.Eq. 437, 19 A.2d 683. We therefore hold that a judgment for malicious prosecution is not released by a discharge in bankruptcy.

Defendant's final point is that the items of damage submitted to the jury in plaintiff's instruction on damages were not injuries to the person or property of plaintiff. By that instruction the jury was informed that if it found the issues for the plaintiff it could, in awarding him damages, take into consideration the money plaintiff expended in his defense, his lost time, his mental anxiety, and his mental suffering. All of these constitute items of damage which naturally flow from a malicious prosecution, and may be recovered in an action therefor. Gregory v. Chambers, 78 Mo. 294; Ruth v. St. Louis Transit Co., 98 Mo.App. 1, 71 S.W. 1055; Cramer v. Barmon, 136 Mo.App. 673, 118 S.W. 1179; Helfer v. Hamburg Quarry Co., 208 Mo.App. 58, 233 S.W. 275. But it is the nature of the action, not the individual items of damage which might result therefrom, which determines whether a judgment is discharged by bankruptcy. For it is the policy of the Bankruptcy Act to relieve an insolvent debtor from those debts and obligations honestly contracted and incurred, which he has become unable to meet because of some misfortune; but it is not the purpose of that Act to release a bankrupt from a judgment obtained against him as a result of his fraud or his willful and malicious wrongdoing. Colwell v. Tinker, 169 N.Y. 531, 62 N.E. 668, 58 L.R.A. 765; McDonald v. Brown, supra; Sanderson v. Hunt, supra; Parker v. Brattan, supra; Ernst v. Wise, supra. Every individual has a legal right to be secure from the institution and prosecution against him of proceedings brought ma-

liciously and without probable cause. Those elements, among others, are two of the essential elements of an action for malicious prosecution. Hughes v. Aetna Ins. Co., Mo., 261 S.W.2d 942; Coleman v. Ziegler, Mo., 248 S.W.2d 610. And as Mason v. Perkins, supra, and the other authorities heretofore cited demonstrate, a judgment recovered for the violation of the individual's right of personal security, is an injury to his person within the meaning of Section 35 of the Bankruptcy Act, and hence is not released by a discharge. The point must therefore be ruled against the defendant.

For the reasons stated, it is recommended that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.